## LUNHAM *v.* UNITED STATES (No. 271).[1]

CERTIFICATE OF COLLECTOR AT PLACE OF EXPORTATION.

Where goods have been exported from one port of the United States and later are returned here for entry at another port, and when free entry of these goods as of domestic growth, produce, or manufacture is claimed, it is a reasonable exercise of the power vested in the Secretary of the Treasury for him to require a certificate showing the fact of original exportation; and it appearing the collector at the port of entry did not waive the production of such a certificate, and such a certificate not having been produced, an appeal will not lie against the collector's decision holding the goods dutiable.

United States Court of Customs Appeals, January 25, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York,
G. A. 6426 (T. D. 27576).

[Affirmed.]

*Walter Evans Hampton* for the appellant.

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

BARBER, Judge, delivered the opinion of the court:

The importation is tabasco sauce which was made in America, shipped from New Orleans to England in bottles. While there caps and printed labels of foreign make were attached to the bottles, and in that condition, with metallic sprinklers, which were in little boxes containing a gross in each box, designed to be attached to the bottles when their contents were used, was reimported to the United States and entered at the port of New York.

The goods were assessed for duty under paragraph 241 of the tariff act of July 24, 1897, and the sauce and bottles were claimed to be exempt from duty under paragraph 483 of the same act. The material portions of these respective paragraphs are as follows:

241. * * . * All vegetables, prepared or preserved, including pickles and sauces of all kinds, * * * , forty per centum ad valorem.

483. Articles the growth, produce, and manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process or manufacture or other means; * * * but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury. * * *

---

[1] Reported in T. D. 31258; see also T. D. 31409 (20 Treas. Dec., 186, 498).

. The board sustained the collector upon the ground that the merchandise was advanced in value or improved in condition after having been exported and passed without deciding the Government's contention that the regulations of the Secretary of the Treasury made under the provisions of said paragraph 483 had not been complied with.

The importers appealed to the Circuit Court for the Southern District of New York, where further evidence was taken before a commissioner directed to the question of the compliance with such regulations. Before hearing in that court the cause was certified to this court for review.

The general regulations made by the Secretary of the Treasury under the provisions of paragraph 483 and in force at the time this merchandise was exported from New Orleans and reimported at New York, amongst other things, required in cases like the one at bar (see article 484 of the Customs Regulations of 1899) that—

If returned to the port of original exportation, the fact of regular clearance for a foreign destination must be shown by the records of the customs, except in regard to exports to Canada by ferryboat, and by the declaration of the person making the entry. But when the reimportation is made into a port other than that of original exportation, there shall be required, in addition to the declaration, a certificate from the collector and the naval officer (Cat. No. 773), if any, of the port where the exportation was made, showing the fact of exportation from that port (and such certificate shall be furnished on application by the collector of customs at the port of exportation).

Authority was vested in the collector of the port of New York at the time of this reimportation to waive the certificate of exportation of the goods required in the above-quoted regulation when satisfied that the merchandise is of domestic origin, and when not satisfied he was directed to refer the matter to the Treasury Department. (See regulation embodied in Circular 35 of the Treasury Department, dated March 26, 1903, T. D. 24308.)

The record does not show that the collector at the port of New York exercised the authority so vested in him or that application to him so to do has been made by the appellants.

It is conceded that the appellants have failed to furnish the certificate from the collector of New Orleans, which is required by said general regulations, and the record clearly shows that such certificate has not been furnished by said collector because, as it is agreed, there is no record in his office which warrants the issue by him of such certificate. It being agreed that upon the outward manifest or other proper papers of the ship carrying this merchandise from New Orleans to England there was no statement showing that the merchandise in question was transported upon the vessel to England.

We are, however, satisfied from the record if the evidence therein contained is of the character that we may lawfully consider that

such merchandise was exported from New Orleans to England, as is claimed by the appellants. So far as we are able to learn from the record no mention of the shipment of these goods was made upon the outward manifest of the carrying ship because the then exporter failed to have it entered thereon, and such is the appellants' claim.

The first contention made by the Government is that the appeal must fail because the appellants have not brought themselves within the provisions of paragraph 483 of the act of 1897, so as to be entitled to the benefit of free entry as therein provided, because it is contended that the regulations made by the Secretary of the Treasury under the provisions of that paragraph have the force of law, which we are not at liberty to disregard.

Among others the following cases are cited: Boske v. Comingore (177 U. S., 459); Ex parte Reed (100 U. S., 13–22); Smith v. Whitney (116 U. S., 167–181); United States v. Symonds (120 U. S., 46–49, 50); United States v. Dominici (78 Fed. Rep., 334); Eimer v. United States (87 Fed. Rep., 202); United States v. Brewer (92 Fed. Rep., 341–342); Borden v. United States (132 Fed. Rep., 205, 206).

We are of opinion, and it is not otherwise claimed, that it is a reasonable exercise of the power vested in the Secretary of the Treasury to require that a certificate showing the exportation must be furnished when free entry is claimed, as in the circumstances of this case.

It is apparent that such a certificate would greatly aid in identifying the goods and establishing the fact of their previous exportation, and it should be noted that it is required only in cases where the ports of exportation and of importation are different.

We are unwilling in this case to disregard these regulations and permit the appellants to make proof of exportation other than in the manner prescribed by the Secretary of the Treasury. If it is done in one case, no good reason appears why it might not be done in others, and the purpose of the statute and the benefit to be derived from the reasonable regulations of the Secretary of the Treasury might thereby be destroyed.

It is claimed by the appellants that this is a case which calls for the application of the principle that the law never requires the performance of that which is impossible, and Becks case, found in G. A. 6212, and the case of the Central Vermont Railway Co., in G. A. 5219, are cited in support of the claim. It is sufficient to say that the circumstances in these cases are so different from those of the case at bar that we do not consider them an authority.

The result is that the decision of the board is *affirmed*.