UNITED STATES *v*. RETTIG ET AL. (No. 756).[1]

PRO FORMA INVOICE FOR ENTRY PURPOSES.

The pro forma invoice for purposes of entry takes the place of the certified invoice and is a complete substitute therefor; and so, the production and filing on some day later than the date of filing the pro forma invoice of papers required by regulations to be produced and "filed with the entry," is not a compliance with articles 570 and 571, Customs Regulations of 1908.—McBride *v*. United States (1 Ct. Cust. Appls., 293; T. D. 31354); United States *v*. Frank & Lambert (2 *ibid*. —; T. D. 31973); United States *v*. Bennett & Loewenthal (2 *ibid*. —; T. D. 31975).

United States Court of Customs Appeals, February 1, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26388 (T. D. 31832).

[Reversed.]

*Wm. L. Wemple*, Assistant Attorney General (*Chas. E. McNabb* on the brief), for the United States.

No appearance for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise here imported consisted of crates containing vegetables. The contents and the containers were assessed for duty as a whole, in accordance with subsection 18 of section 28 of the tariff act of 1909, the containers or crates being treated as a part of the merchandise.

---

[1] Reported in T. D. 32254 (22 Treas. Dec., 256).

It is claimed by appellees that the crates are entitled to free entry as American goods returned under paragraph 500 of the said act, which reads:

500. Articles the growth, produce, or manufacture of the United States,  *  *  * when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; casks, barrels, carboys, bags, and other containers or coverings of American manufacture exported filled with American products, or exported empty and returned filled with foreign products, including shooks and staves when returned as barrels or boxes;  *  *  * but proof of the identity of such articles shall be made under general regulations to be prescribed by the Secretary of the Treasury.  *  *  *

In accordance with the foregoing provision of law the Treasury Department duly promulgated articles 570 and 571 of the Customs Regulations, 1908, which were subsequently duly made applicable to the tariff act of 1909. These articles are as follows:

Art. 570. *Declaration—Oath.*—There shall be filed with the entry a declaration made by the foreign exporter of the goods before the United States consul, stating that the merchandise was imported from the United States, and that it was not advanced in value or improved in condition by any process of manufacture or other means while abroad, and also an oath or declaration of the owner, importer, consignee, or agent on form catalogue No. 594.

Art. 571. *Bond for declaration.*—If it be impracticable to produce the declaration of the foreign exporter at the time of entry, a bond may be given for its production. *  *  *

The merchandise was entered by pro forma invoices and bonds given for the production of duly certified invoices. At the time of such entry no claim was made that the goods were entitled to free entry, nor was any bond offered or given for the production of a declaration tending to establish American origin, as provided by said article 571 of the Customs Regulations, 1908. Moreover, the goods were not returned by the appraiser as domestic products. Subsequently and within the time provided by the bond to produce duly certified invoices the same were produced accompanied by declarations of the foreign exporters which were filed with the certified invoices. They were assessed for duty by the collector as before stated.

At the hearing before the Board of General Appraisers testimony was offered upon behalf of the importers tending to establish the character of the goods as of American manufacture or production. The Government objected to this testimony as inadmissible, in that the importers not having complied with the regulations at the time of entry as therein required this compliance could not be subsequently had by the introduction of oral or other testimony. The board reserved decision upon the ruling, and the record does not disclose that it was subsequently made. But one witness was called upon behalf of the importers, and the record discloses that his testimony does not establish anything other than appears in the entry papers,

so that, if error were had by the admission of this testimony, it was immaterial error.

The board sustained the protests upon the ground that the filing of the declaration with the certified invoices within the time specified in the bond for the production of the latter was a substantial compliance with articles 570 and 571 of the Customs Regulations of 1908. We think this was error.

Section 500 of the tariff act of 1909, under which claim is herein made, provides that containers or coverings of American manufactures returned shall be entitled to free entry, but this is expressly granted by Congress upon and subject to the condition of producing such proof of the identity of such articles as may be prescribed by general regulations promulgated by the Secretary of the Treasury. It has been so frequently held that such regulations, reasonable within themselves, which these seem to be, become conditions precedent to the right of free entry.

That proposition is so well settled as a matter of law that mere citation of the authorities should suffice. See United States *v.* Dominici *et al.* (78 Fed. Rep., 334), United States *v.* Brewer *et al.* (92 Fed. Rep., 341), Roberts *v.* United States (178 Fed. Rep., 607), Morril *v.* Jones (106 U. S., 466). The principle has been expressly affirmed by this court in the case of Lunham *v.* United States (1 Ct. Cust. Appls., 220 and 320; T. D. 31258 and T. D. 31409).

That a provision or regulation that an affidavit or other document shall be filed "with the entry," as provided in these regulations, refers to the pro forma entry, where goods are so entered, and that it is not sufficient to file the same at a later date when the consulated invoice is produced, after the previous filing of the pro forma entry, has been settled by the decisions of this court. See McBride *v.* United States (1 Ct. Cust. Appls., 293; T. D. 31354), United States *v.* Frank & Lambert (2 Ct. Cust. Appls., 239; T. D. 31973), United States *v.* Bennett & Loewenthal (2 Ct. Cust. Appls, 249; T. D. 31975).

We held in those cases that the pro forma invoice for purposes of entry takes the place of the certified invoice and is a complete substitute therefor. The production and filing thereafter of papers, required by the regulations to be produced and "filed with the entry," is not complied with by their subsequent production and filing with the duly certified invoice.

As the testimony in this case showed no other facts, save those disclosed by the entry papers themselves, its admission by the Board of General Appraisers, if error were made, as stated, was immaterial error and in no wise aided the case of the importer even if given full force and effect. Having failed to comply with the prescribed conditions precedent to the right of free entry the importer is without remedy by this record.

*Reversed.*