# CASES ADJUDGED IN THE UNITED STATES COURT OF CUSTOMS APPEALS.

## BUSCHOFF *et al.* v. UNITED STATES (No. 205).[1]

HIDES TAKEN FROM CATTLE EXPORTED ALIVE.

A previous decision in this cause is adhered to (1 Ct. Cust. Appls., 336; T. D. 31433). That decision was rested on the proposition that the commodity imported was another and distinct commodity from the one exported. There was no purpose there to hold, nor can the language employed by any fair construction be made to hold, that because an article was named in the dutiable list as subject to duty, the article so named could not in any circumstances be entitled to free entry under paragraph 483, tariff act of 1897.—G. A. 4103 (T. D. 19130).

### United States Court of Customs Appeals, February 15, 1912.

ON Rehearing.

[Affirmed.]

*McLaughlin, Russell, Coe & Sprague* (*Edward P. Sharretts* and *Rufus W. Sprague, jr.,* of counsel) for appellants.

*William K. Payne,* Deputy Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case was decided by this court March 20, 1911 (1 Ct. Cust. Appls., 336; T. D. 31433). Motion for rehearing was subsequently granted, and the case is now before us for decision on rehearing.

The contention is made by the appellant that the former decision of the court was in conflict with an express statute, and this contention is based in large part upon the claim that the decision is to be construed as holding that articles which are the growth, produce, or manufacture of the United States can not be admitted free of duty under paragraph 483 of the tariff act of 1897 if they are articles which are specially mentioned in any of the paragraphs of the dutiable schedule of said act. This is an entire misconception of what the court held in the case. Their argument is based upon a quotation from the opinion as follows:

With paragraph 437 declaring in unequivocal language what duty shall be put upon hides, and the articles under consideration being hides, the general language of paragraph 483 can not be held to include as articles the produce of the United States hides of animals which were alive when taken from the United States, and which are expressly elsewhere provided for.

[1] Reported in T. D. 32285 (22 Treas. Dec., 300).

They omit to quote the language immediately following, which clearly indicates the scope of the decision. That language is as follows:

Hides of cattle imported are the skins taken from animals, and as such are commodities distinct and different from live cattle exported.

We therefore hold that the hides are subject to assessment for duty under the terms of paragraph 437. This makes clear that the decision rests upon the proposition that the commodity imported is another and distinct commodity from that exported, and there was no purpose to hold, nor does the language by any fair construction hold, that because an article is named in the dutiable list as subject to duty, the article so named could not in any circumstances be entitled to free entry under paragraph 483.

It is strenuously urged that the court was also in error in reaching the conclusion that, because the article in question is another and different commodity than that exported, it could not be brought under the terms of paragraph 483. We adhere to our ruling upon this question. The ruling followed a decision of the Board of General Appraisers in G. A. 4103 (T. D. 19130), which in practice had been adhered to since March, 1898.

The decision of the board is *affirmed.*

### CONCURRING OPINION.

De Vries, Judge, concurring:

This case was originally decided by this court March 20, 1911 (1 Ct. Cust. Appls., 336; T. D. 31433). Rehearing was granted and had, and the case is now before the court for decision.

It is strenuously urged upon the part of appellants that the court erred in two particulars.

First, it is contended that the court held paragraph 483 of the tariff act of 1897, which provides for the free entry upon reimportation of all articles exported from this country which have been manufactured or produced herein and which have not been advanced in value or improved in condition by any process of manufacture or other means abroad, is intended to cover only such articles as are not otherwise made dutiable under the tariff law. A careful reading of the language of the court in its previous decision fails to disclose any substantial basis for this conclusion. It can only be remotely inferred from the language of the court by a strained construction.

The second ground of the application seems to me of greater merit. It concerns the crux of the case as decided by this court. As expressed by the court, it is:

Hides of cattle imported are the skins taken from animals, and as such are commodities distinct and different from live cattle exported.

The importer controverts this proposition, and the essence of his contention is that while the earlier tariff acts, notably those of 1846, 1857, and 1883, provided that in order that American goods or products should be returned free of duty, they should be reimported "in the same condition as when exported"; that the later tariff acts, notably those of 1890, 1894, and 1897, omitted the words "in the same condition as when exported" and substituted therefor "without having been advanced in value or improved in condition by any process of manufacture or other means"; that the necessary conclusion from these legislative changes is that the Congress in its later enactments withdrew the requirements that the imported article should not be changed in condition and substituted that it should not be advanced in value or improved in condition. In other words, it is urged that any change in condition was permitted provided that change in condition did not amount to an advance in the value or improvement in condition of the article as exported. It was further urged that the congressional enactment and the regulations made were not intended to apply to and were not directed against the form in which the articles were sent abroad, whether, as in this case, as a hide upon the back of an animal, or packed in a box, or in any other form, provided that the form of its exportation, upon reimportation, however much changed in condition, should not have been advanced in value or improved in condition; that the broad purpose and scope of the statute was to permit merchants of the United States in the transaction of their business to bring back to this country whatever of American products they sent abroad provided no foreign labor had been devoted thereto which would advance it in value or improve it in condition; that the prohibition ran against labor performed upon the article abroad in protection of labor which might be employed in this country, and did not run against the form in which the product was sent abroad. Finally, it was contended that the associated words in the statute required that the "advance in value or improvement in condition" should have been accomplished by and be identified as a process amounting to a manufacturing process devoted to the purpose of the ultimate use of the article.

Whether the applicable statute, which has remained the same through the tariff acts of 1890, 1894, and 1897, as interpreted and enforced by the customs authorities, is susceptible of that or a different construction in my mind raises a serious doubt. Undoubtedly the broad purpose and scope of the paragraph was to relieve from duty upon reimportation that which was grown or produced in this country as distinguished from that which was grown or produced in a foreign country. It seems obvious to me that the mere separation abroad of the hide from a steer grown in this country does not

and can not change the accomplished physical fact that that hide was grown in this country and that it is a "growth" of this country, much less constitute it the growth of a foreign country.

The virtue of this construction is that it would afford all and not a part only of reimported goods actually the growth, product, or manufacture of this country the benefits of the paragraph, would deny all and every part of imported goods the growth, product, or manufacture of a foreign country its benefits, and would assign the paragraph a construction that would devote it to substance rather than form, in harmony with the manifestly salutary and beneficent purposes of the framers of the act.

Were this contention, however, upon its merits or upon the theory of the presence of a serious doubt resolved in favor of the importer, the record discloses, and the opinion of the Board of General Appraisers suggests, insuperable objection in this case to recovery by the appellants.

The paragraph under which relief is sought, 483 of the tariff act of 1897, explicitly accords the privilege of free entry therein provided "under general regulations to be prescribed by the Secretary of the Treasury." In accordance therewith the Secretary of the Treasury promulgated appropriate and reasonable regulations requiring that the importer should, at the time of making entry, file therewith certain prescribed affidavits tending to establish the character of the imported merchandise as within said paragraph 483, and in lieu of the reasonable possibility of supplying certain of these affidavits, made known at the time in a prescribed mode, the waiver of the same by the collector was prescribed.

It is contended by the importer that under another regulation (T. D. 17892) requiring certificates of a partially similar import made above to accompany the invoice satisfied the requirements of the foregoing. Clearly that was not the spirit or purpose of T. D. 17892, and I do not think compliance therewith tantamount to the requirements of the other pertinent regulations. There was not even an attempt made by the importer to comply with the requirements of the regulations as therein required "at the time of entry," and a later attempted compliance which could have been constituted a waiver of the previous requirements by the collector was denied by the collector.

Compliance with these regulations was a condition precedent to the right of free entry. Morrill v. Jones (106 U. S., 466); United States v. Dominici (78 Fed. Rep., 334); McBride v. United States (1 Ct. Cust. Appls., 293; T. D. 31354).

For these reasons I concur in the conclusion reached by the majority of the court.