STONE & CO. *v* UNITED STATES (No. 1746).[1]

CONSTRUCTION, ARTICLES 572 AND 573, CUSTOMS REGULATIONS OF 1908.

Articles 572 and 573 of the Customs Regulations of 1908, pursuant to paragraph 500, tariff act of 1909, and containing the regulations under which returned American goods may be exempted from duty under the paragraph, are reasonable, and therefore have the force of law. Under article 573, the collector and naval officer may waive the production of evidence of outward shipment prescribed by article 572 only when two things concur: First, they must be satisfied that the goods are of domestic origin; and, second, there must be a showing that it is impracticable to produce such evidence. Upon the refusal of the collector to waive compliance with article 572, with a showing that it was impracticable to produce the evidence of outward shipment therein prescribed, the only just inference is that he was not satisfied with the showing made; and it is quite reasonable to infer that he was not satisfied from an examination of the goods that they were of domestic origin. The assessment of duty on the merchandise (positive moving-picture films) as photographic film positives (par. 474, tariff act of 1909) is affirmed.

United States Court of Customs Appeals, February 2, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39571.

[Affirmed.]

*Levi Cooke* (*Charles E. McNabb* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

[Oral argument Dec. 13, 1916, by Mr. McNabb and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise which is the subject of consideration in this case consists of positive moving-picture films. There were two entries, made at different times, and free entry was asked under the provision of paragraph 500 of the act of 1909 exempting from duty American goods exported and returned without having been advanced in value or improved in condition. Duty was assessed upon them under paragraph 474 of the act as photographic-film positives.

Paragraph 500 provides for the free importation of "articles the growth, produce, or manufacture of the United States * * * when returned after having been exported, without having been advanced in value or improved in condition." This exemption from duty is made subject to the condition that "proof of the identity of such articles shall be made under general regulations to be prescribed by the Secretary of the Treasury."

Acting under this authority, the Secretary of the Treasury provided, by article 572 of the Customs Regulations of 1908, that—

If the merchandise be returned to the port of original exportation, outward shipment must appear from the records of the customhouse at that port * * * and if to a port other than that of original exportation there shall be required a certificate from the collector and naval officer, if any, of the port where the exportation was made showing the fact of exportation from that port.

[1] Reported in T. D. 37009 (32 Treas. Dec., 183).

By article 573 it was provided—

\* \* \* The collector and naval officer, if any, may waive the production of evidence of outward shipment when satisfied from an examination that the goods are of domestic origin and an affidavit of the owner or consignee shows that it is impracticable to obtain such evidence because the goods were exported in small lots at different times, or any other good reason. \* \* \* In all cases of doubt as to the sufficiency of the evidence of domestic origin, the facts should be reported to the department for decision, and liquidation of the entry suspended.

In the present case a showing was made to the collector accompanied by an affidavit stating in substance that the films were shipped out of the United States at different times and that the importers were unable to furnish a bill of lading. Notwithstanding this, the collector assessed a duty upon the goods.

The importers claim that although the collector refused to waive the certificate of exportation, the evidence in the case shows that it was impossible to procure such certificates because of the fact that the goods were shipped from various ports at different times, and that it would not be practicable to obtain the evidence of their exportation by certificate from the port of exportation, and testimony was offered on the trial tending to show that these films are in the control of a trust and that they could not be bought in this country by independent dealers, and that for this reason it was to be assumed that the trust would not furnish the information as to their shipment abroad if applied to, and it is argued, upon the authority of the United States v. Conkey (6 Ct. Cust. Appls., 487; T. D. 36122), that under these circumstances to require the importers to produce certificates of exportation would be unreasonable.

That case dealt with an interpretation of the Panama Canal act, providing that materials of foreign production in use in the construction or repair of vessels built in the United States may be imported into the United States free of duty, under such regulations as the Secretary of the Treasury may prescribe. In that case the language conferring authority to make regulations was more general in terms than the statute now under consideration, and the regulation which was made was held unreasonable for the reason that the importer's right was left to the mercy and good will of persons not identified with the importation or subject to the importer's control. In other words, people in no way identified with the collection of the revenue, but acting under authority of an entirely different department of the Government, were able to wholly deny the right expressly granted by the statute of free importation.

In the present case the facts are different. The statute itself provides that before the importer shall be entitled to free entry of these goods he shall have furnished proof of the identity of such articles. It is true that this proof shall be made under general regulations to be prescribed by the Secretary of the Treasury. But that proof to

satisfy the customs officers shall be made of the identity of the goods is a statutory requirement. Now, this proof is made under regulations to be prescribed by the Secretary of the Treasury. Such regulations require, first, a certificate of exportation, and had the regulation stopped there, there would be little doubt that such certificate to be furnished to the collector of customs would be held a condition precedent to the entry of the goods free of duty. But a liberal construction of the statute was adopted and a liberal provision made authorizing the collector of customs to waive a compliance with this requirement if satisfied "from an examination of the goods that the goods are of domestic origin and append an affidavit of the importer showing that it is impracticable to obtain such evidence of outward shipment because the goods were exported in small lots at different times."

This statute and the regulations themselves have received consideration by the court in Lunham *v.* United States (1 Ct. Cust. Appls., 220; T. D. 31409); United States *v.* Rettig (2 Ct. Cust. Appls., 537; T. D. 32254); Buschoff *v.* United States (3 Ct. Cust. Appls., 1; T. D. 32285); and United States *v.* Goldberg (3 Ct. Cust. Appls., 394; T. D. 32986). The rule must be deemed established by these cases that before goods can be admitted as domestic goods returned there must be proof of the identity of such goods with those exported and that this proof must comply with regulations made by the Secretary of the Treasury; that the regulations in force are reasonable, and therefore have the force of law; and that a certificate from the officers of the port of exportation can only be waived when two things concur: First, the collector must be satisfied that the goods are of domestic origin; and, second, there must be a showing that it is impracticable to produce the evidence called for by paragraph 572 of the regulations.

Referring to the waiver authorized in certain circumstances by paragraph 573 of the regulations, Judge Barber, writing for the court in the case last cited, said:

Such waiver is permitted only when the collector and naval officer, if any, are satisfied from an examination that the goods are of domestic origin and the required affidavit is tendered showing that it is impracticable to obtain such evidence of outward shipment because the goods were exported in small lots at different times or any other good reason.

It was within the power of Congress to provide for free entry of only such goods as were recognizable as goods of domestic origin. Instead of so doing, the Congress required that proof of the identity should be made under regulations to be promulgated. It is a liberal rule which authorizes the Secretary, under this authority, to waive proof, and we think the department has not assumed to do this, but has by paragraph 572 required proof of a certain kind, namely, by the production of certificates; but in paragraph 373 has in effect authorized a different kind of proof—that is, the proof required by

paragraph 572 is authorized to be waived when an examination of the goods themselves satisfies (or proves to) the collector that the goods are of domestic origin.

In the present case, so far from it appearing that the collector was satisfied that the goods were of domestic origin, free importation was refused. The only just inference from this action is that the collector was not satisfied with the showing made.

There appears in the present case evidence indicating that goods having the same appearance that these goods have could be reproduced abroad by first producing negatives from them and then producing positives from the negatives thus made.

In view of these facts, it is quite reasonable to infer that the collector was not satisfied from an examination of the goods that they were of domestic origin. What extraneous facts may have been within the knowledge of the collector to justify him in proceeding with caution or to justify a suspicion of the domestic origin of these films, does not appear. But the duty of deciding the question was reposed in him by the regulations. Such duty must rest with the officers of the customs if proof of identity is to be exacted, and such proof of identity must be exacted because the statute in terms requires it.

No error appears.

The decision is *affirmed*.