SPENCER, KELLOGG & SONS (INC.) *v.* UNITED STATES (NO. 2615) [1]

DRAWBACK, REGULATIONS MANDATORY.

> Section 313, Tariff Act of 1922, grants drawback under such regulations as the Secretary of the Treasury shall prescribe. Such regulations in this case are articles 859–863, inclusive, Customs Regulations 1915. They have the force of law and compliance with them is a condition precedent to drawback. Article 859 requires a written notice in duplicate of intention to export with benefit of drawback to be filed with the collector at least six hours before lading, and a copy of such notice to be delivered to the customs inspector in charge at the place and time of lading. An oral notice to an inspector before lading and the written notice to the collector after, was not a compliance with the regulation and drawback was properly refused.

United States Court of Customs Appeals, March 13, 1926

APPEAL from Board of United States General Appraisers, G. A. 8983 (T. D. 40834)

[Affirmed.]

*B. A. Levett (Jas. W. Bevans* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Ralph Folks,* special attorney, of counsel), for the United States.

[Oral argument January 19, 1926, by Mr. Levett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the Board of General Appraisers overruling the protest of the appellant against the decision of the collector of the port of New York refusing an allowance for drawback on the exportation of linseed-oil cake manufactured from imported flaxseed.

Authority for the refunding of duties, as drawback, paid upon imported merchandise used in the United States in the production or manufacture of articles for exportation, is contained in section 313 of the Tariff Act of 1922, and, for the purposes of this case, articles

---

[1] T. D. 41459.

859, 860, and 861 of the Treasury Regulations of 1915. The pertinent part of section 313 reads as follows:

SEC. 313.    *   *   *    The imported merchandise used in the manufacture or production of articles entitled to drawback of customs duties when exported shall, in all cases where drawback of duties paid on such merchandise is claimed, be identified, the quantity of such merchandise used and the amount of duties paid thereon shall be ascertained, the facts of the manufacture or production of such articles in the United States and their exportation therefrom shall be determined, and the drawback due thereon shall be paid to the manufacturer, producer, or exporter, the agent of either, or to the person to whom such manufacturer, pro·ducer, exporter, or agent shall in writing order such drawback paid,. under such regulations as the Secretary of the Treasury shall prescribe.    *   *   *

Article 859 provides that "at least six hours before lading of articles entitled to drawback the party claiming such drawback shall file with the collector a notice of intent to export with benefit of drawback in duplicate and in the following form:    *   *   *." Immediately following the above provision the form to be used by exporters is set forth. Continuing, the article provides:

On receipt and acceptance at the customhouse of the notices of intent to export, the collector shall note thereon the date and hour of receipt and transmit one copy to the surveyor with the order to inspect and the other to the naval officer. At the ports where there is no naval officer the duplicate copy shall be transmitted to the Auditor for the Treasury Department after the return of the customs inspector has been entered thereon.

A copy of the notice of intent to export in substantially the form provided shall, at the time the goods are deposited at the place of lading for exportation, be delivered by the *exporter or his agent to the customs inspector in charge of such place.*

When requested, receipts for such notices of intent to export shall be signed by inspecting officers, provided such receipts are prepared by the parties desiring the same and are submitted to such officers with the notices of intent to export. (Italics ours.)

Article 860 provides that—

upon receipt of the copy of the *notice of intent to export accompanying the goods,* or if this has not been received *upon receipt of the copy transmitted by the collector,* the inspecting officer shall proceed to identify the packages and shall supervise the lading thereof on board the exporting vessel or conveyance. (Italics ours.)

The inspector shall enter on the copies of the notices of intent to export received by him the date and hour of their receipt and of the lading, and shall certify thereon as to inspection and lading, and shall return all such notices of intent to export to the collector.    *   *   *

Article 861 reads as follows:

ART. 861. *Failure to obtain actual inspection and supervision of lading.*—Whenever the inspecting officer is unable to certify to the actual inspection and lading of the merchandise he shall, in making his return, state the reason therefor, and shall, after the vessel or cars have cleared, examine the records of the exporting steamship or transportation lines for the purpose of verifying the particulars stated in the notices of intent to export and make his certificate accordingly.

The certificate of the inspector shall be accepted as sufficient evidence of lading, *and if timely notices of intent were filed with the collector or with such inspector* in accordance *with article 859*, the drawback will be allowed, provided the regulations were otherwise complied with. (Italics ours.)

Article 862 of the Treasury Regulations of 1915 provides for the inspection, sampling, and ascertainment of quantity of merchandise to be exported with benefit of drawback. It requires that, when practicable, merchandise subject to examination by sample shall be examined at the place of lading and after it has been delivered into the custody of the "exporting vessel or line." It is further provided in this article as follows:

Collectors shall give general instructions to inspectors respecting drawback goods which require gauging or weighing, in order that in .event such gauging or weighing is not obtained under the copy of the notice of *intent to export filed at the customhouse*, the inspector may obtain the same under the *copy filed with him* at the time the goods are deposited at the place of lading. (Italics ours.)

Article 863 of the Treasury Regulations provides that, if the copy of the notice of intent is not filed with inspector at the time the merchandise is delivered for lading, drawback will not be denied, if the notices of intent to export provided for in article 859, *supra*, were duly filed with the collector. It further provides that, if a copy of the notice of intent is filed with the inspector at the time of delivery of the merchandise for lading, failure to file the notices with the collector within the time prescribed will not bar the allowance of drawback, if the collector is satisfied that failure to file such notice was not for the purpose of "evading customs inspection, sampling, weighing, or gauging."

On the trial below, the case was submitted on the record forwarded to the board by the collector. It appears therefrom that the appellant exported 10,500 bags of linseed-oil cake on February 23, 1923; that, on February 20, appellant orally notified a Government inspector, who at the time was engaged in discharging a cargo of flaxseed at the wharf of the appellant, that it "expected to load the S. S. *Ala* with approximately 1,600 tons of linseed-oil cake for export to Holland, and that it expected this steamer at its wharf at Shadyside, N. J., to start loading at 8 a. m., February 23d;" that appellant would give the inspector more definite information as to the time the merchandise would be loaded as soon as it was possible for it to do so; that the inspector's attention was called to the linseed-oil cake, which at that time was on appellant's dock; that the steamship *Ala* arrived unexpectedly at 3 p. m., February 22; that the work of loading the merchandise was commenced on the arrival of the vessel and was finished on the following morning at 6.30; that the inspector arrived at the wharf at 7.30 on the morning of February 23, and found that the merchandise had been loaded without customs super-

vision; that the inspector observed that the merchandise, to which his attention had previously been called, had been removed from the wharf; that he, thereupon, boarded the steamship *Ala* and saw linseed-oil cake in the hatches, and, by an inspection of the records of the vessel, learned that the shipment consisted of 10,500 bags of linseed-oil cake. It further appears from the record that the notice of intent to export the merchandise was filed in the office of the collector on February 23, after the merchandise had been loaded and that the appellant failed to file a copy of the notice of intent with the inspector prior to lading. .

It clearly appears from the record that the appellant not only failed to file the notice of intent to export with the collector before lading, but also failed to deliver a copy thereof to the Government inspector in charge of the place of lading. Upon this record the trial court, Brown, G. A., dissenting, entered a judgment overruling the protest.

It is claimed by appellant that, the Secretary of the Treasury having established by regulation the amount of drawback due exporters of linseed-oil cake manufactured from imported flaxseed, in accordance with the provisions of section 313, *supra,* a contract was thereby established that, upon the exportation of such oil cake, the Government would refund 99 per centum of the duties paid upon such imported flaxseed; and that, as the appellant had given oral notice of its intention to export the merchandise in question, it had substantially complied with the provisions of the law, and was, therefore, entitled to enforcement of the contract. The case of *Campbell* v. *United States,* 107 U. S. 407, was cited by appellant in support of its contentions.

The Government contends that the Treasury Regulations adopted in pursuance to the provisions of section 313, *supra,* have force of law, and, as the appellant failed to comply with the regulations, it was not entitled to the benefits of drawback. Several cases were cited in support of this contention, including the following: *American Sugar Refining Co.* v. *United States,* 1 Ct. Cust. Appls. 228, T. D. 31273; *American Sugar Refining Co.* v. *United States,* 3 Ct. Cust. Appls. 69, T. D. 32352; and *Penick & Ford* v. *United States,* 12 Ct. Cust. Appls. 432, T. D. 40611.

We are unable to agree with views expressed by counsel for the appellant in this case.

Reasonable regulations of the Secretary of the Treasury made in pursuance of law, have the force and effect of law. *Penick & Ford (Ltd., Inc.)* v. *United States,* 12 Ct. Cust. Appls. 432, T. D. 40611, and cases therein cited; *Lunham* v. *United States,* 1 Ct. Cust. Appls. 220, T. D. 31258; *Stone & Co.* v. *United States,* 7 Ct. Cust. Appls.

439, T. D. 37009; *United States* v. *Bracher et al.*, 13 Ct. Cust. Appls. 432, T. D. 41344.

The appellant does not contend that the involved regulations of the Secretary of the Treasury are unreasonable, but contends that they have been substantially complied with. In our opinion, the regulations requiring notice of intent to export are mandatory and compliance therewith is a condition precedent to the right of the appellant to recover under the drawback provisions. Such regulations may not be disregarded and proof of exportation made in some other manner than that required by them. *Lunham* v. *United States, supra; Agency Canadian Car & Foundry Co.* v. *United States*, 10 Ct. Cust. Appls. 172, T. D. 38547; *Agency Canadian Car & Foundry Co.* v. *United States*, 11 Ct. Cust. Appls. 19, T. D. 38637.

The appellant failed to file the notice of intent to export with the collector until after the merchandise had been laden. It failed to deliver a copy of such notice to the inspector.

The law was not complied with. The conditions precedent to the right of the appellant to refund of duties as drawback were not performed.

In the case of *Campbell* v. *United States, supra*, the Supreme Court held that, where the statute and the Treasury Regulations adopted in pursuance thereto had been complied with by an exporter of merchandise, "there resulted a contract that when exported the Government would refund, repay, pay back," the amount of duties assessed against the imported flaxseed used in the manufacture of the exported merchandise. In that case, the conditions precedent to the right of recovery had been performed. In this case, such conditions have not been performed; and in this vitally important respect, the cases are different.

Having reached the conclusion that the judgment must be affirmed, it is unnecessary to consider other arguments presented by counsel for the Government.

The judgment is *affirmed*.