(C. D. 559)

Guy B. Barham Co. *v.* United States

United States Customs Court, Third Division

(Decided November 28, 1941)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Richard F. Weeks*, special attorneys), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is an action against the United States in which the plaintiff seeks to recover money collected as liquidated damages in connection with the importation of one package of machinery parts. The merchandise was entered at the port of Los Angeles, Calif., on a transportation form of entry on May 30, 1936, under bond for exportation via the Rassmussen & Moe Line vessel *Nore*, to be consigned to Captain Larsen c/o Norway Consul, Yokohama, Japan.

At the trial the government attorney moved to dismiss the protest on the ground of untimeliness. Subsequently in the brief filed, the attorney for the government admitted that the motion to dismiss was not well taken, and it was denied by the court under authority of *Dunbar Molasses Co.* v. *United States*, T. D. 44389. Counsel for the importer moved for judgment in his favor on the ground that the collector failed to make a report in answer to the protest stating the reasons supporting his action. This motion was also denied by the court, and the case was restored to the calendar.

The provisions of the statute and regulations applicable to this situation, in effect at the time of entry of this merchandise, are found in section 553 of the Tariff Act of 1930 and articles 1252 and 1253 of the Customs Regulations of 1931. We quote the provisions in question, insofar as pertinent, as follows:

SEC. 553. ENTRY FOR TRANSPORTATION AND EXPORTATION.

Any merchandise, other than explosives and merchandise the importation of which is prohibited, shown by the manifest, bill of lading, shipping receipt, or other document to be destined to a foreign country, may be entered for transportation in bond through the United States by a bonded carrier without appraisement or the payment of duties and exported under such regulations as the Secretary of the Treasury shall prescribe * * *.

Art. 1252 (As amended in T. D. 46628 and T. D. 46900)—Export bonds.—(a) Bonds required for the exportation of merchandise may be cancelled only upon the specification of such merchandise on the outward manifest, or outward bill of lading, the inspector's certificate of lading, the record of clearance of the vessel, and the production of a foreign landing certificate if such certificate is required by the collector; or upon payment of an amount equal to the duties found due at the time of importation on the articles not exported, or the payment of such lesser amount as may be fixed by the Commissioner of Customs. The requirements of paragraph 3 of vessel bonds, customs Form 7567 or 7569, may be considered as having been complied with upon the production of such of the above-mentioned documents as may be applicable thereto: *Provided*, That upon exportation of narcotic drugs and the equipment, stores (except such supplies as are placed on board vessels under the provisions of secs. 309 and 317 of the Tariff Act of 1930), and machinery for vessels, a landing certificate will be required in all cases.

(b) The landing certificate herein provided for must be produced within six months from date of exportation and must be signed by a revenue officer of the foreign country to which the merchandise is exported, unless it is shown that such country has no customs administration, in which case the certificate may be signed by the consignee or by the vessel's agent at the place of landing, and sworn

to before a notary public or other officer authorized to administer oaths and having an official seal.

(c) In cases where landing certificates are required and the same can not be produced, an application for waiver thereof may be made to the bureau through the collector, accompanied by such proofs of exportation and landing abroad as may be available.

Art. 1253. Exportation—When not bona fide.—(a) An exportation is a severance of goods from the mass of things belonging to this country with the intention of uniting them to the mass of things belonging to some foreign country. The shipment of merchandise abroad with the intention of returning the same to the United States is not an exportation. Merchandise of foreign origin returned from abroad under these circumstances is dutiable according to its nature, weight, and value at the time of its original arrival in this country.

(b) Bonds given for the exportation of merchandise should not be canceled by collectors, unless they are satisfied that there has been an actual bona fide exportation.

The above regulations are reasonable and, being made in pursuance of the statute, are mandatory. *A. Grove Knutsen* v. *United States*, T. D. 43960; *Mac Nichol Packing Co. et al.* v. *United States*, 14 Ct. Cust. Appls. 400, T. D. 42050; *United States* v. *Morton B. Smith Co.*, 4 Ct. Cust. Appls. 500, T. D. 33918; *United States* v. *Rettig et al.*, 2 Ct. Cust. Appls. 537, T. D. 32254; *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. 5, T. D. 48976.

The government offered and there was received in evidence as exhibit 1 the following letter from the collector of customs at the port of entry addressed to the importer herein.

Reference is made to Export Entry No. 1180, filed May 30th, 1936, and covering one package machinery parts consigned to Captain Larsen, c/o Norway Consul, Yokohama, Japan, and laden on board the Norwegian M/V "NORE" on or about June 5, 1936.

In the absence of evidence satisfactory to this office that there was an actual and bona fide exportation of the machinery parts, you are advised there is now due and payable to the Collector of Customs liquidated damages in the amount of $71.50; an amount equal to the duty on the merchandise in question, as provided for in Article 1253 of the Customs Regulations of 1931.

Kindly give this matter your early attention.

Respectfully,

ALFRED A. COHN,
*Collector of Customs.*
By: CHAS. W. SALTER,
*Assistant Collector.*

The amount demanded in the above letter, viz, $71.50 was paid by the plaintiff and the instant protest filed against such exaction.

The issue presented for determination is whether the plaintiff has sustained his burden of proof in regard to the shipment and landing of the merchandise.

Plaintiff produced and there was admitted as collective exhibit 2 a letter from the importer herein to the collector at Los Angeles transmitting a landing certificate, in which letter it is stated that the ship-

ment was landed in Holland. This letter requests that when the bond shall have been canceled a notation of cancelation be made on the copy of the letter and said copy returned to the importer. The landing certificate attached to the letter certifies that one package of machinery parts has been landed at the port of Schiedam from on board the Norwegian motor vessel *Nore* and contains the further data:

This is said to be export No. 1180 dated Los Angeles, Calif., May 30th, 1936, and was landed at this port on 3 September 1936.

This certificate contains some writing in a foreign language in pen and ink which was not translated, but which appears to contain a signature. The Government attorney points out that because the writing is unintelligible it is practically impossible to determine whether or not said certificate was "signed by a revenue officer of the foreign country to which the merchandise" was exported or by any other person authorized to sign such certificate by the terms of said article 1252 (b) *supra*. We find the objection of the government attorney to be well taken. Although the plaintiff had an opportunity to clarify this point at the second hearing he failed to do so.

When the case was heard the second time the attorney for the government offered and there was received in evidence without objection the following letter as exhibit 3.

Collector of Customs,
  Los Angeles, California,
Sir:—

This is in reply to your PDM–142 of November 25th, 1936, with reference [to Export Entry No. 1180 filed May 30, 1936, and covering one package machinery parts consigned to Captain Larsen, % Norway Consul, Yokohama, Japan, laden aboard the Norwegian m/s "NORE" on or about June 5, 1936.

You advise that in the absence of evidence satisfactory to your office that there was an actual and bona fide exportation of the machinery parts that there is now due and payable liquidated damages in the amount of $71.50; an amount equal to the duty on the merchandise in question.

The Norwegian m/v "NORBRIS", sistership to the "NORE", while passing thru the Panama Canal, landed a cylinder cover for forwarding to this port to be placed aboard the "NORE", as it was required on board in order that vessel pass the customary survey and inspection after repairs had been completed in the local ship yard.

The vessel arrived in the ship yard with the original cylinder cover cracked, and original spare cover already aboard the vessel was installed and made a part of the machinery while in the ship yard.

Captain Larsen of the "NORE" advised that as the piece of machinery belonged to the "NORBRIS", it would be landed in the Orient, providing the vessel did not go to a European port via the Suez Canal after having discharged her oil cargo in Japan, otherwise it would be transferred in some European port, as it was the last cargo on that charter and he expected to receive orders in Japan to proceed home.

It is now certain that the Captain secured orders in the Orient that sent the vessel to Rotterdam, Holland where the machinery parts in question were properly landed September 5, 1936, under proper supervision of the port customs authorities at Schiedam.

Shortly after the case had been properly laden aboard the "NORE" at this port, there circulated rumors that the customs inspector had reported the machinery parts as having been installed in the vessel while in the ship yard.

This being contrary to all the information we had, we immediately wrote the Bethlehem Shipbuilding Corporation requesting them to check and advise us if said parts were installed. A copy of our letter is attached hereto together with the original letter of reply wherein you will note that the machinery parts in question were not installed.

On September 18th, we addressed a letter to you enclosing the landing certificate. In the third sentence of the letter we requested that —"when bond has been cancelled, please note same on the copy of this letter, returning it to us for our file" —. The copy of the letter was returned with a pencil notation on bottom as follows "OK NBR". A copy of this letter is also attached.

Upon receipt of the returned copy of this letter with the notation that the bond had been cancelled, we made out a check in amount of $71.50 to favor of A/S Johan Rasmussen at Sandefjord, Norway, owners of the m/v "NORE", as we had collected this amount from the Captain as collateral should the landing certificate not come back in the six months allotted time. On November 14th, we received a confirmation of receipt of refund from Johan Rasmussen & Co. in Sandefjord dated the 29th of October.

You can readily understand our surprise in receiving your letter dated the 25th of November requesting the deposit of the duty, and we sincerely trust that you can also understand *the position you have put us into*, and as this certainly was a bona fide exportation, you will reconsider the decision in our favor.

The above facts are true and correct to the best of the writer's knowledge and belief.

Very respectfully yours,

GUY B. BARHAM COMPANY.
By E. S. Zerwekh.

The copies of letters referred to in exhibit 3 are not attached.

From this exhibit it is apparent that the machinery parts in question consisted of a cylinder cover to be placed on the foreign vessel *Nore* as a spare part and that said vessel was repaired in the United States. The cylinder cover arrived as a part of the cargo of the American vessel *Virginia* from the Canal Zone and we gather from the evidence that the presence of such a spare part was necessary in order that the repaired vessel might pass the survey and inspection required. The letter refers to one cylinder cover but also refers to "machinery parts" which indicates that there may have been other parts included in what is described on the so-called landing certificate as one package, machinery parts. We find that the landing certificate fails to show compliance with the mandatory customs regulations above set forth in that it is not clear by whom it is signed and it does not bear evidence that the person who signed it was a customs officer or that, in the absence of a customs officer, the signature was taken under oath. Furthermore, there is no competent evidence before the court showing the following other requirements of the regulations in article 1252 as amended:

* * * the specification of such merchandise on the outward manifest, or outward bill of lading, the inspector's certificate of lading, the record of clearance of the vessel * * *.

The plaintiff has the burden of proving in court all facts which the regulations require should be established before the collector, in order to avoid the payment of duty in this case.

Plaintiff calls attention to the fact that the transportation entry is stamped "CANCELLED" which stamped word has pencil lines drawn through it. We see no significance in this stamp. It may indicate that the collector had originally decided to cancel the bond but later, for some reason, had changed his decision in that regard but the record is bare in regard to the reason for the collector's action as he failed to file a report when he transmitted the papers to the court.

In view of the fact that satisfactory evidence was not produced in the record showing a compliance with the mandatory regulations of the Secretary of the Treasury, the protest is overruled. Judgment will be entered in favor of the defendant.