(C. D. 742)

Gruen Watch Co. *v.* United States

United States Customs Court, First Division

(Decided February 26, 1943)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (*Dorothy C. Bennett* and *John J. McDermott*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges

WALKER, Judge: This protest is directed against the refusal of the collector of customs at the port of Cincinnati to allow drawback under the provisions of section 313 of the Tariff Act of 1930, on the exportation of certain watches made in the United States with the use of imported movements.

It appears that none of the facts of importation, manufacture, or exportation are in dispute, the sole issue being whether an error made by plaintiff's customhouse broker in designating the exported merchandise on the notice of intent to export, customs Form 7511–B, as 17-jewel watches, when, as a matter of fact, they were 15-jewel watches, bars the payment of drawback on the duty-paid material contained therein.

The movements were imported in May 1939, and were shown on the invoice attached to the consumption entry, which is before us as collective exhibit 1, to be "Manufacturer's Quality No. 271ss" with 15 jewels in bearings, and paid duty at the rate of $1.35 each plus 72 cents under the provisions of par. 367 (a) (1) and (3) of the Tariff Act of 1930 as amended by the Swiss Trade Agreement reported in T. D. 48093. After manufacture in the United States into complete watches they were exported via parcel post for benefit of drawback to the Philippine Islands in June 1939.

In making out the notice of intent, which is required by article 1044 of the Customs Regulations of 1937 to be filed prior to shipment, it appears that the customhouse broker identified the articles to be shipped as "15 Gr 271ss 17 jwls." meaning 15 grade 271ss 17-jewel watches. The notation "17 jwls." was, of course, an error. The drawback entry was filed February 21, 1940, and, as originally made out, the same error appeared thereon, but prior to filing the mistake was noted and the figures "17" were crossed out in indelible pencil and "15" substituted. It appears from a perusal of the drawback entry (exhibit 2) that the correct amount of duty paid, $2.07 each, was specified thereon.

In the brief filed on behalf of the Government we are referred to article 1094 of the Customs Regulations, *supra*, which reads as follows:

Art. 1094. Amendment of notices of intent and entries.—(a) Except for the purpose of correcting a manifest clerical error or for changing the name of the

exporting vessel, no change shall be made by the exporter in the notices of intent to export after filing, but correct notices of intent for the same merchandise may be accepted when filed in time to supplant those previously filed and needing correction.

(b) Final drawback entries may be corrected after filing with the collector, only after permission has been granted by the collector to have the comptroller's copy of the entry withdrawn and the corrections or amendments sworn to by the appropriate parties, or by the timely filing of supplemental entry in duplicate.

It does not appear that anyone on behalf of the exporter in the case at bar sought to correct the notice of intent herein so that it would seem that the provisions of the foregoing article have no application. Certainly there is not contained therein any requirement of the disallowance of drawback because of the filing of an incorrect notice of intent.

If drawback was properly disallowed on the shipment in question it was because of failure to comply with the provisions of article 1044 (a) of the said regulations, which provide as follows:

Art. 1044. Notice of intent to export—Local or direct exportation from a seaboard or frontier port.—(a) At least 6 hours, but not more than 90 days, before the lading of the merchandise to be exported, the claimant for drawback, or his duly authorized agent, shall file with the collector of customs at the port of exportation a notice of intent to export on customs Form 7511. A duplicate copy of the notice of intent shall be delivered to the customs officer in charge at the place of lading at the time the goods are delivered to the exporting vessel or conveyance. Such notices of intent shall give the name of the exporting vessel, or in the case of a vehicle the name of the carrier, and place of lading, describe the merchandise by marks and numbers *and state in detail the kind and contents of the packages,* the quantity, weight (gross and net), gauge, or measure. [Italics added.]

By virtue of the provisions of article 1052 the foregoing requirements are made applicable to parcel post shipments.

In our view the only question to be determined is whether or not the notice of intent as filed was in compliance with the requirement quoted in italics above.

It is obvious that there is a two-fold purpose in the foregoing requirement. First, merchandise exported for benefit of drawback is subject to inspection (article 1053). While it would appear from a reading of the provisions of article 1051, headed "Inspection and supervision of lading" that the term "inspection" means, for the purposes of that article, only identification of the packages, and it is probable that, generally speaking, that is the extent of the inspection performed, nevertheless, it cannot be denied that the customs authorities necessarily must have the right to inspect the contents of the packages to be certain that they conform to the merchandise claimed to have been exported. For the purpose of inspection, therefore, it would be essential that a statement of the kind and contents of the packages be made on the notice of intent.

The second purpose of the requirement is to permit the collector,

or liquidating officer, to identify the goods claimed to have been exported with the merchandise described in the drawback entry.

Had the merchandise at bar been inspected by customs authorities prior to exportation, a variance between the item contained in the packages and that described on the notice of intent would have become apparent in that 15-jewel watches were being exported, while the notice called for 17-jewel watches. It does not appear from the record that any other method of identification was made available by the notice of intent, that is to say, while it does specify "Gr 271ss" watches, it does not appear that such number was stamped on the watches so that they might be sufficiently identified with the watches called for by the notice of intent.

Under such circumstances it cannot be said that the notice of intent stated "in detail the kind and contents of the packages," and to that extent there was failure of compliance with article 1044, *supra*.

It is well settled that compliance with regulations of the Secretary of the Treasury, such as article 1044, *supra*, is a condition precedent to the right to recover drawback (*Spencer, Kellogg & Sons, Inc.* v. *United States*, 13 Ct. Cust. Appls. 612, T. D. 41459; *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. 192, C. A. D. 191), and on the record presented we have no other course than to overrule the protest.

Judgment will issue accordingly.