(C. D. 1047)

OIL WELL SUPPLY CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 21, 1947)

*D. Burle Daviss* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before CLINE and EKWALL, Judges

EKWALL, Judge: An importation consisting of 31 parts for oil-well-machines was entered at the port of Dallas, Tex., from Canada on June 17, 1944, and duty was assessed thereon at the rate of 27½ per centum ad valorem under paragraph 372, as parts of machines, not specially provided for. It is claimed on behalf of the importer that these parts are American goods returned after having been exported, without having been advanced in value or improved in

condition, and that as such they are properly free of duty under paragraph 1615 of the same law as amended by the Customs Administrative Act of 1938.

The merchandise was originally shipped from the United States to Canada by the manufacturers thereof at various times and through different ports, and was returned through the port of Dallas, after it had lost its usefulness in Canada, having become obsolete.

The paragraph of the law under which free entry is claimed provides, in subparagraph (h), as follows:

(h) The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

Under authority of the above provision the Secretary prescribed and there was promulgated section 10.1 of the Customs Regulations of 1943, subsection (3) of which provides that there shall be filed in connection with the entry:

(3) A certificate, customs Form 4467, of the collector of customs at the port from which the merchandise was exported from the United States. Such certificate shall show whether drawback was claimed or paid on the merchandise covered by the certificate and, if any was paid, the amount thereof. This certificate shall be issued on application of the importer, or of the collector at the importer's request, and shall be mailed by the issuing officer directly to the port at which it is to be used. If the merchandise has been exported from the port at which entry is made and the fact of exportation appears on the records of the customhouse, the fact of reimportation shall be noted on such export record but the filing of the certificate on Form 4467 shall not be required.

The importer attempted to comply with these regulations in that it sought to obtain the requisite export certificates. However, due to the difficulty in obtaining specific data as to the dates of exportation from the United States and the ports from which the goods had been exported to Canada, this information was delayed. In the meantime the importer, under date of September 27, 1944, wrote to the collector at Dallas informing him of its efforts to obtain said certificates, and requesting that this proof of identity be waived. No reply was received to this letter.

That the collector is authorized to waive record evidence of exportation under certain conditions is evidenced by section 10.2 of said Customs Regulations of 1943 which reads:

10.2 Waiver of evidence.—(a) The collector may waive record evidence of exportation * * * (a) (1) if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of the merchandise under paragraph 1615, Tariff Act of 1930, as amended, is dependent. However, an invoice on consular Form 138, or a bond for the production thereof within 6 months from the date of entry, shall be required unless the article is otherwise exempt from the requirement that such invoice be filed.

The importer, in the absence of a reply to his request for a waiver, did nothing further until he was notified that the entry had been liquidated as of December 2, 1944. Within the statutory time thereafter, to wit, on January 26, 1945, a protest was filed with the collector at Dallas but was not received at the headquarters port of Galveston until May 24, 1945, subsequent to the expiration of the 90 days within which the collector might review his action. (Section 515, Tariff Act of 1930.)

From the testimony of Mr. Shirey, export supervisor of the importing firm at the time this shipment arrived, it appears that the first knowledge he had of this shipment was a notice from the firm's traffic department that the goods were in the United States in bond. He immediately got in touch with the customhouse and executed the consumption entry bond "and the other bond, which permitted" the importer "to take delivery of the merchandise." The record fails to disclose the nature of the "other bond" executed by the importer but the questions propounded to plaintiff's witness by Government counsel indicate that it was a 6-month bond for the production of documents, in this case, the certificates of exportation. However, we have no proof of that fact. We have examined the entry and find no notation on the reverse side thereof under the heading "Missing Documents."

No briefs have been filed, therefore we are without the benefit of the views of the respective attorneys on any of the questions presented in this case.

It has been held that where authority to make regulations is contained in the particular paragraph or section involved, compliance with such regulations is a condition precedent in order to obtain the privilege sought. This rule has been relaxed in cases where impossibility of compliance is shown. See *Close & Stewart* v. *United States*, 11 Cust. Ct. 14, C. D. 784, and cases there cited, where the court accepted other evidence of exportation in lieu of exportation certificates.

The early cases held that strict compliance with the regulations was essential to recovery. See *Gerhard & Hey, Inc.* v. *United States*, Abstract 45792 (old series); *Southwestern Engineering Co. et al.* v. *United States*, Abstract 45387 (old series). In the latter case the declaration of the foreign exporter was not produced at the time of entry nor within the period of the bond, but was filed subsequently with the collector.

In *James Loudon & Co.* v. *United States*, Abstract 29258, the certificate of exportation was not received by the collector until after the 6-month period covered by the bond had expired. That case arose under the Tariff Act of 1930 and the regulations promulgated under authority of that act. The court there cited as authority for its holding

the earlier cases of *United States* v. *Goldberg*, 3 Ct. Cust. Appls. 394, T. D. 32986, and *Stone* v. *United States*, 7 Ct. Cust. Appls. 439, T. D. 37009.

The *Stone* case, *supra*, in summarizing the requirements of the statute and regulations thereunder in regard to obtaining free entry of American goods returned to the United States, used the following language:

This statute [par. 500, Tariff Act of 1909] and the regulations themselves have received consideration by the court in Lunham v. United States (1 Ct. Cust. Appls., 220; T. D. 31409); United States v. Rettig (2 Ct. Cust. Appls., 537; T. D. 32254); Buschoff v. United States (3 Ct. Cust. Appls., 1; T. D. 32285); and United States v. Goldberg (3 Ct. Cust. Appls., 394; T. D. 32986). The rule must be deemed established by these cases that before goods can be admitted as domestic goods returned there must be proof of the identity of such goods with those exported and that this proof must comply with regulations made by the Secretary of the Treasury; that the regulations in force are reasonable, and therefore have the force of law; and that a certificate from the officers of the port of exportation can only be waived when two things concur: First, the collector must be satisfied that the goods are of domestic origin; and, second, there must be a showing that it is impracticable to produce the evidence called for by paragraph 572 of the regulations.

Referring to the waiver authorized in certain circumstances by paragraph 573 of the regulations, Judge Barber, writing for the court in the case last cited, said:

Such waiver is permitted only when the collector and naval officer, if any, are satisfied from an examination that the goods are of domestic origin and the required affidavit is tendered showing that it is impracticable to obtain such evidence of outward shipment because the goods were exported in small lots at different times or any other good reason.

It was within the power of Congress to provide for free entry of only such goods as were recognizable as goods of domestic origin. Instead of so doing, the Congress required that proof of the identity should be made under regulations to be promulgated. It is a liberal rule which authorizes the Secretary, under this authority, to waive proof, and we think the department has not assumed to do this, but has by paragraph 572 required proof of a certain kind, namely, by the production of certificates; but in paragraph 373 has in effect authorized a different kind of proof—that is, the proof required by paragraph 572 is authorized to be waived when an examination of the goods themselves satisfies (or proves to) the collector that the goods are of domestic origin.

In the case at bar while it is unfortunate that the importer received no reply to its request that the collector waive compliance with the regulations, it is clear that compliance was not impossible inasmuch as the certificates were eventually obtained. If our assumption that a 6-month bond was given for the production of these documents is correct, the importer could have requested an extension of time within which to produce the certificates.

Upon the record as presented we find that the importer has failed to sustain its burden of proof. The protest is therefore overruled.

Judgment will be rendered for the defendant.