**No. 53131.**—Mario Marrero, Administrator War Emergency Program, Government of Puerto Rico *v.* United States, protest 134603–K (San Juan).

Johnson, Judge:   This action arises at the port of San Juan, Puerto Rico, concerning a shipment from Cuba of a variety of surplus war material such as machinery and spare parts, etc.   A witness for the plaintiff testified that the merchandise was purchased from the Nicaro Nickel Co. which obtained the various articles from the United States, and that he had unsuccessfully attempted to obtain a certificate of exportation.   He further testified that the merchandise cost the Government of Puerto Rico approximately $68,000 and that the duties imposed were more than $15,000, the payment of same necessarily being taken from funds allotted for the construction of hospitals, cemeteries, and public works throughout the Island of Puerto Rico.

The collector of customs at the port of San Juan reported that the appraiser had returned the merchandise description as:

* * *   believed to be of American mfr. not advanced in value or improved in condition.   Free, P. 1615 or alternate rates shown.

but that duty was assessed upon the merchandise at the appropriate rates for the reasons following:

Neither Certificate of Exportation, Customs Form 4467, as required by Sec. 10.1 (a) (3), C. R. 1943, was filed by the importer within one year after the date of entry, Sec. 25.16 (d) C. R. 1943, or even after the year had elapsed and before liquidation, Sec. 25.17 (g), C. R. 1943, nor any evidence or information that no drawback was allowed in connection with the exportation of the merchandise from the United States was filed.

Therefore, in the absence of satisfactory evidence or information as to the allowance or non-allowance of drawback, the entry was liquidated assessing duties equal to the duties imposed with respect to the importation of like articles not previously exported from the United States, Sec. 10.3 (a), C. R. 1943, and as shown in the statement of liquidation.

The courts have consistently held that where the certificate of exportation has not been filed with the collector, and the filing thereof is not waived, no recovery of duties is allowed. The filing of the certificate of exportation is a condition precedent to recovery.

In the case of *Oil Well Supply Co.* v. *United States*, 18 Cust. Ct. 68, C. D. 1047, parts of oil-well machines were imported from Canada. The importer claimed the merchandise was entitled to free entry as American goods returned as it had been originally shipped from the United States to Canada by the manufacturers thereof at various times through different ports of the United States, and after it had lost its usefulness in Canada by reason of obsolescence, it was returned. The importer attempted to comply with the regulations by obtaining the requisite export certificates. Due to the difficulty in obtaining specific dates of exportation from the United States and the ports from which the goods had been shipped to Canada, the certificates were not filed until after liquidation. A letter had been written to the collector wherein the importer requested that proof of identity be waived, but the collector did not reply to same, although he is authorized to waive record evidence of exportation providing he is satisfied by the production of other evidence relative to the existence of all the facts upon which the entry of the merchandise under paragraph 1615, Tariff Act of 1930, is dependent.

In finding that the goods were properly classified as dutiable by the collector, the court held, as stated in the syllabus of the decision, that:

Compliance with regulations regarding proof of identity of merchandise claimed to be entitled to exemption from duty as American goods returned under paragraph 1615, Tariff Act of 1930, as amended, held a condition precedent to free entry, in the absence of proof of waiver by the collector, or of impossibility of compliance.

In view of the mandatory requirements of the statute, we are constrained to enter judgment in favor of the Government.

It is so ordered.