(C. D. 911)

KROGER GROCERY & BAKING CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided February 7, 1945).

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Arthur R. Martoccia*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a protest against the assessment of duties on 549 cans of guava puree imported from Cuba which were condemned by the Food and Drug Administration and destroyed by the importer under customs supervision. The claim is made under section 558 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and section 15.5 of the Customs Regulations of 1943.

The official papers show that the merchandise was shipped from Havana and arrived at Port Everglades on October 29, 1943; that it was shipped in bond from Port Everglades to Cincinnati on October 30 and November 10, 1943; that entries were made on November 8 and November 19, 1943. The inspector's report on one shipment states:

6 cans in doorway of car broken and mashed. Contents leaking. 39 cartons damaged, broken and mashed. Contents leaking.

The report on the other shipment states:

4 cartons mashed in door. 255 cartons damaged. Broken and mashed. Contents leaking.

It was stipulated in open court that 39 cans from entry 170 and 510 cans from entry 149 were condemned by the Food and Drug Administration as being unfit for human consumption, after the merchandise had been released by customs officials and the duties paid, and that the inspection by the Food and Drug Administration was obtained at the request of the importer. Two applications for the destruction of the merchandise under customs supervision were made by the importer on December 31, 1943. Each stated:

The proposed method of destruction will be by hauling the above mentioned merchandise to the City Incinerator and burning under Customs Supervision.

Notations on the back of the applications indicate that the goods were destroyed as directed on January 6, 1944.

The only question is whether a refund of the duties may be made since the goods were destroyed after they had been released from customs custody.

Section 558 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides in part:

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:

\* \* \* \* \* \* \*

(2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe;

\* \* \* \* \* \* \*

The following regulation (section 15.5 of the Customs Regulations of 1943) adopted in accordance with the above-quoted section provides:

15.5 Destruction of prohibited articles.—Merchandise regularly entered in good faith and denied admission into the United States by any Government agency after its release from customs custody, pursuant to a law or regulation in force on the date of entry or withdrawal, may be destroyed under government supervision. In such cases any duty which shall have accrued on the merchandise or which shall have been collected shall be remitted or refunded as the case may be.

Former section 558 permitted remission, abatement, refund, or drawback on the exportation of merchandise after its release from the custody of the Government only in the case of exportation of articles manufactured in whole or in part from imported materials, or not conforming to sample or specifications, on which a drawback was expressly provided for by law.

It had been held, however, that where merchandise was found unfit for use by the Department of Agriculture and ordered destroyed or exported and where the merchandise was in fact exported, although not under customs supervision, it was not subject to duty because its importation was prohibited, it was actually exported to a foreign country, and duties could not lawfully be assessed thereon. *Kreutz & Co.* v. *United States*, 20 C. C. P. A. 109, T. D. 45752.

On the other hand, where the merchandise was condemned by the Department of Agriculture as unfit for human consumption, but was neither destroyed nor exported and went into the commerce of the United States, the duties assessed could not be refunded. Since the importer allowed the merchandise to go into consumption, he could not be permitted to claim that it was not importable and that duties should not be refunded. *Boston Brokerage Co.* v. *United States*, 22 C. C. P. A. 461, T. D. 47454.

In view of these two cases, it seems clear that section 558 was amended in order to provide for the case where the goods were delivered to the importer prior to any request on the part of the Federal Security Administrator for samples, as provided by the Federal Food, Drug and Cosmetics Act (U. S. C. title 21, section 381), but were condemned and destroyed or exported before entering into the commerce of the United States.

Section 15.5 of the Customs Regulations of 1943 clearly provides that where merchandise is denied admission into the United States after its release from customs custody and is destroyed under Government supervision, duties collected shall be refunded. That regulation is in accord with the provisions of section 558 (a) (2) of the tariff act, as amended, and has the force of law. *Penick & Ford* v. *United States*, 12 Ct. Cust. Appls. 432, T. D. 40611; *Spencer, Kellogg & Sons* v. *United States*, 13 Ct. Cust. Appls. 612, T. D. 41459; *Gallagher & Ascher* v. *United States*, 14 Ct. Cust. Appls. 38, T. D. 41548.

In view of the authorities cited, we hold that plaintiff is entitled to a refund of the duties paid on the 549 cans of guava puree which were destroyed under customs supervision. Judgment will be rendered accordingly.