(C. D. 1124)

AMERICAN EXPRESS COMPANY v. UNITED STATES

United States Customs Court, Third Division

(Decided July 29, 1948)

*Bernard Rosencranz* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: Plaintiff in this case protests the action of the collector of customs at the port of Chicago, Ill., in assessing duty upon a quantity of fish which was condemned by the Food and Drug Administration. In the brief filed on behalf of the plaintiff it is claimed that refund of the duty should be made under authority of section 558 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and under section 15.5 of the Customs Regulations of 1943.

The facts as they appear from the record are as follows. A consumption entry of 918 boxes of frozen cod fillets was made at the port

of Chicago, on January 21, 1946. The collector of customs assessed duty thereon at the rate of 1⅛ cents per pound under the provisions of paragraph 717 (b) of the Tariff Act of 1930, as modified by the Canadian Trade Agreement (T. D. 49752). Plaintiff does not contest this classification but contends that duty should be refunded because, as alleged, the fish was destroyed under customs supervision.

We quote the pertinent portions of section 558 and section 15.5, *supra*, as follows:

**SEC. 558. NO REMISSION OR REFUND AFTER RELEASE OF MERCHANDISE.**

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:

\*   \*   \*   \*   \*   \*   \*

(2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; \* \* \*

\*   \*   \*   \*   \*   \*   \*

**15.5 Destruction of prohibited articles.**—Merchandise regularly entered in good faith and denied admission into the United States by any Government agency after its release from customs custody, pursuant to a law or regulation in force on the date of entry or withdrawal, may be destroyed under government supervision. In such cases any duty which shall have accrued on the merchandise or which shall have been collected shall be remitted or refunded as the case may be.

It appears from the record that apparently through inadvertence the customs officials were informed that no samples of this merchandise were required by the Food and Drug Administration of the Federal Security Agency for examination and that the entry was liquidated on February 8, 1946. Subsequently, the customs authorities were informed that the goods were to be detained for examination. Upon a finding by said Food and Drug Administration that the fish was adulterated and unfit to enter the commerce of this country, it was ordered destroyed. The importer, upon notification that the merchandise must be destroyed, returned the same to the custody of the collector and the entire importation was destroyed under Government supervision. That the merchandise was regularly entered in good faith, is not disputed.

The facts as disclosed by the record bring the case directly within the holding of this court in the case of *Kroger Grocery & Baking Co.* v. *United States*, 14 Cust. Ct. 59, C. D. 911. There an importation of guava puree was delivered to the importer after payment of duties. Subsequently, the goods were condemned by the Food and Drug Administration as unfit for human consumption and were destroyed under customs supervision. The court held that the importer was

entitled to a refund of the duties paid by reason of the provisions of section 558 (a) (2), *supra*. In arriving at its conclusion, the court cited *Kreutz & Co.* v. *United States;* 20 C. C. P. A. (Customs) 109, T. D. 45752, and *Boston Brokerage Co.* v. *United States*, 22 C. C. P. A. (Customs) 461, T. D. 47454, and said:

> In view of these two cases, it seems clear that section 558 was amended in order to provide for the case where the goods were delivered to the importer prior to any request on the part of the Federal Security Administrator for samples, as provided by the Federal Food, Drug and Cosmetics Act (U. S. C. title 21, section 381), but were condemned and destroyed or exported before entering into the commerce of the United States.

> Section 15.5 of the Customs Regulations of 1943 clearly provides that where merchandise is denied admission into the United States after its release from customs custody and is destroyed under Government supervision, duties collected shall be refunded. That regulation is in accord with the provisions of section 558 (a) (2) of the tariff act, as amended, and has the force of law. *Penick & Ford* v. *United States*, 12 Ct. Cust. Appls. 432, T. D. 40611; *Spencer, Kellogg & Sons* v. *United States*, 13 Ct. Cust. Appls. 612, T. D. 41459; *Gallagher & Ascher* v. *United States*, 14 Ct. Cust. Appls. 38, T. D. 41458.

Under authority of that case we sustain plaintiff's claim that duty should be refunded on the importation.

Judgment will be rendered accordingly.