**No. 47521.**—Protest 81869–K of Traders Service Corporation (New York).

Opinion by KEEFE, J.   At the trial the plaintiff offered in evidence, without objection, a memorandum made by the deputy collector in charge of liquidations at the port in question and it was stipulated that the deputy collector, if called as a witness, would testify in accordance with the statements made therein.   The memorandum stated in part that the appraiser had reported the goods in question as of American origin, having been made in Vermont.   As the certificate of outward manifest (Form 4467) required by article 397 (a) (3), Customs Regulations of 1937, had not been furnished prior to liquidation, the said duty was assessed.   After the expiration of the 90-day review period, the importer requested the collector's office to waive the evidence of exportation under authority of article 398.   The memorandum stated that the collector's office, being satisfied that the merchandise was of domestic origin and that no drawback had been paid, would have acceded to this request if the protest had still been reviewable by that office.   It further stated that the collector's office would have no objection to a stipulation being entered into that the collector was willing to waive the evidence, and would now waive it, if permitted.   The Government contended that the regulations of the Secretary of the Treasury are mandatory, have the force of law, and that since they were not complied with the court is without power to grant any relief.   The importer, however, contends the court has the power to sustain the protest and accept the waiver that has been made by the collector.

The entry papers showed that the importer filed a declaration of the foreign shipper and an affidavit of the owner but that the certificate of exportation was not filed.   In view of *Stone* v. *United States* (7 Ct. Cust. Appls. 439, T.D. 37009) it was found that although the proof has been held to be mandatory under article 397, paragraphs 1, 2, and 3, the filing of the certificate of exportation under article 397(a)(3) only becomes a condition precedent to free entry when the collector is not satisfied that the goods are of domestic origin, and that article 398, as amended, further liberalizes the regulations.   It was therefore held that the Government's contention that this court is without power to grant relief in this case is without merit.

The protest was therefore sustained and the collector directed to reliquidate the entry and make refund of all duties taken.