(C.D. 3187)

G. E. POSEY CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 6, 1967)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Mollie Strum, Sheila N. Ziff,* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: The merchandise described on the invoices of these protests consists of cartons exported from Argentina and entered at Houston, Texas. There they were classified as boxes, in chief value of paper, not specially provided for, dutiable at 17½ per centum ad valorem under paragraph 1413 of the Tariff Act of 1930, as modified.

Plaintiff claims that the cartons should be liquidated free of duty as American goods returned without having been advanced in value or improved in condition under paragraph 1615(a) of the Tariff Act of 1930, as amended.

At the outset, defendant moved to dismiss the protests on the ground that plaintiff had not paid the increased duties found due on entry. Defendant subsequently discovered that said duties had been paid, and an order entered on May 24, 1965, granting defendant's request to withdraw the motion.

On January 12, 1966, trial was commenced at Houston, Texas. From there the case went over to New Orleans where the trial was picked up on March 10, 1966. The case was then transferred to Dallas, Texas, for additional evidence which became unnecessary when on February 16, 1967, at Houston, Texas, order was entered on the following stipulation of counsel in open court:

Miss Shostak: Your Honor, this case has been partly tried, but we are in the position at this point to enter into a stipulation, on which we ask that the case will be submitted.

Plaintiff at this time offers to stipulate that the merchandise involved in this case consists of shrimp cartons manufactured by Delta Carton Corporation, of Monroe, Louisiana, and purchased by Rubenstein & Sons Food Company, of Dallas, Texas.

That the shrimp cartons were exported through the port of New Orleans, Louisiana, to Argentina, for use in packing shrimp to be returned to the United States, but that they were never used in Argentina, and were subsequently returned to the United States, without having been advanced in value or improved in condition, in the same packing cases in which they were exported from the United States.

Plaintiff further offers to stipulate that all of the Customs Regulations relating to American Goods Returned have been complied with, with the exception of the filing of Customs Form 4467, the Certificate of Exportation; that due to circumstances beyond the control of the plaintiff, the Certificate of Exportation could not be obtained, due to the fact that the export records at the port of New Orleans had been sent to the Federal Record Center, and were no longer available.

That no drawback was applied for or paid on the exportation of the merchandise, and that on the basis of evidence now available, and examined by the port officials at Houston, through which the cartons were returned, the District Director of Customs at Houston is now satisfied as to the United States origin of the shrimp cartons, and if the matter were now before him for review, that he would now waive production of the Certificate of Exportation, as permitted under Section 10.1(3) of the Customs Regulations.

Mr. Vance: Your Honor, I have consulted with District Director Kelley, and Assistant Director Brooks, and on the basis of their recommendation, and my own independent judgment, I agree to this stipulation.

Miss Shostak: Then we ask, your Honor, that the record heretofore made be expunged, and that the matter be submitted on the basis of this oral stipulation.

Mr. Vance: The Government joins in the request, your Honor.

Accepting this stipulation as an agreed statement of facts, we hold that the cartons of these protests, assessed with duty under paragraph 1413 of the Tariff Act of 1930, as modified, are entitled to free entry under paragraph 1615(a) of the Tariff Act of 1930, as amended, as American goods returned. *Traders Service Corporation* v. *United States*, 9 Cust. Ct. 407, Abstract 47521.

The protests are sustained. Judgment will enter accordingly.