UNITED STATES *v.* BROWNE VINTNERS CO., INC. (No. 4531) [1]

[1] C. A. D. 351.

United States Court of Customs and Patent Appeals, November 4, 1946

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Albert MacClellan Barnes* and *J. Bradley Colburn* of counsel) for appellee.

[Oral argument October 1, 1946, by Mr. Donohue and Mr. Barnes]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court, Third Division, Abstract 50456, which sustained two protests of appellee and directed the Collector of Customs of the port of New York to reliquidate the entries and refund the amount of duties assessed and collected by him on three cases of whisky claimed to have been short shipped in connection with certain importations of the merchandise from Scotland.

The alleged shortage consisted of one case of whisky covered by entry No. WHB 33751, dated March 6, 1944, protest No. 114681–K,

and two cases covered by entry No. WHB 33484, dated February 24, 1944, protest No. 114686–K.

The collector disallowed the claims of appellee because of its failure to file the affidavit, customs Form 4311, within the time prescribed by article 812 of the Customs Regulations of 1937, and the point in issue was litigated and decided in the court below under that article. The Government relies here, however, on article 15.8 of the Customs Regulations of 1943, which had superseded article 812, and it is conceded that article 15.8 is the correct regulation to be considered herein.

Article 15.8 was promulgated by the Secretary of the Treasury under the general authority conferred upon him by section 624 of the Tariff Act of 1930, which provides—

### SEC. 624. GENERAL REGULATIONS.

In addition to the specific powers conferred by this Act, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this Act.

The Customs Regulations of 1943 provide—

15.8 Shortages; lost packages; deficiencies in contents of packages.—(a) No allowance shall be made in the assessment of duties for lost or missing packages appearing on the entry unless shown by the report of the discharging officer not to have been landed, and unless the importer shall make an affidavit on customs Form 4311 and file it with the collector within 30 days after the date of written notice of shortage, customs Form 4311, which the collector shall mail to the importer immediately upon report of the shortage to him. The foregoing shall not apply in the case of merchandise arriving under an I. T. entry.

The proof submitted by appellee established that of the three cases in question, the first was not shipped from Scotland and allowance therefor was made by the shipper, and the other two cases were not landed and the importer's claim for the loss thereof was paid in full by an insurance company. Appellee's proof established further that all three cases were shown by the report of the discharging officer as "not landed—not found," and that such cases had not been subsequently received by appellee. It is conceded that the affidavit, customs Form 4311, prescribed by the regulation here in issue was not filed by appellee within the 30 days specified therein. The Government presented no evidence.

In its assignment of errors, the Government alleges that the court below erred in not holding that the foregoing customs regulations prescribing the manner for proving a claim for shortage in packages were reasonable, that they had the force and effect of law, and that it was part of plaintiff's burden to prove compliance therewith as a condition precedent to recovery.

Section 624 refers to the general regulations which the Secretary of the Treasury was therein authorized to make to carry out the provisions of the act in addition to those other regulations he was specifically authorized to make by and in other specific provisions of such act.

Those two classes of regulations thus authorized were similarly authorized in successive tariff acts previously enacted by Congress and have been the subject of a long line of judicial decisions by this and other courts which have distinguished the two classes from one another as to the kind of evidence required thereunder to establish the prescribed proof of facts. That distinction was stated by this court in *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, 147, T. D. 32386, and restated in *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. (Customs) 192, 198, C. A. D. 191, to the following effect—

At the threshhold of the inquiry we are confronted with the question whether these regulations thus promulgated are conditions precedent to the right of free entry as accorded by this section of the law, or whether they are merely regulative of the method of introducing such importation into the body commerce of the country. Upon that point we think the authorities are uniform and well settled.

The principle controlling such cases may be generally stated that where regulations are promulgated by the Secretary of the Treasury under the general power granted by the provisions of section 251 of the Revised Statutes to make general rules and regulations for the collection of the revenues, such are deemed and held regulative or administrative merely and not conditions precedent to the right of exemption from duty. Compliance with such regulations may be had after the acts of importation and entry. Compliance with such may be the subject of proof before the Board of General Appraisers [now the United States Customs Court]. Where, however, an exemption from or reduced rate of duty is claimed under a specific provision of the statutes which, as in this case, is accorded under or subject to such regulations as to proof or otherwise that may be prescribed by the Secretary of the Treasury, it has uniformly been held that such regulations become a condition precedent to the right accorded by the statute and must be complied with at the time of entry, or as otherwise specifically directed by the statute granting the same. In such cases the right to an exemption from or to a reduced rate of duty is an exemption accorded in the specific instance only, and constitutes an exception from the general rule, which must, in order to be enjoyed, be subject to compliance with the condition precedent prescribed by the Secretary.

In the first of the two cases hereinbefore cited, the special statutory power to regulate the prescribed proof was embodied in the same paragraph of the statute that provided for the free entry of the merchandise; and in the second, the same section of the statute which granted the privilege of drawback also authorized the Secretary of the Treasury to make rules and regulations to carry out the purpose of Congress, which specifically outlined the scope of such regulations.

The question of whether the regulation was reasonable or conformed to the statute not having been raised in either case, the court held that the regulation was mandatory and compliance therewith a condition precedent to recovery.

This court has likewise held that where Congress has specifically provided by statute for one mode of proof, the furnishing of that proof before the collector as prescribed by reasonable and valid mandatory regulations is a condition precedent to recovery, and proof cannot be made in some manner other than that prescribed by them. *Spencer Kellogg & Sons (Inc.)* v. *United States,* 13 Ct. Cust. Appls. 612, 616, T. D. 41459. See also *United States* v. *Dominici et al.,* 78 Fed. 334.

The rule of law laid down by the cases hereinbefore cited does not hold, of course, that the Secretary of the Treasury may by regulation prescribe a method of proof before the Customs Court when the validity of a decision made by the Collector of Customs pursuant to a mandatory regulation is challenged by a proper protest. Upon the trial of the issue thus raised, it is part of plaintiff's burden to prove compliance with the regulation as a condition precedent to recovery or to establish that the regulation is unreasonable or contravenes that provision of the statute under which the regulation was promulgated.

Section 251 of the Revised Statutes referred to by the court in the quotation hereinbefore recited was a predecessor statute to section 624 of the Tariff Act of 1930. The regulation here in issue having been promulgated by the Secretary of the Treasury under section 624 obviously falls within that class of regulations which are addressed to the Collector of Customs for guidance in the conduct of the business of his office. Under the authorities hereinbefore cited, compliance therewith, while highly desirable, is not a condition precedent to recovery. See also *Marriott* v. *Brune et al.,* 9 How. 619; *Cornelius W. Lawrence* v. *John Caswell and Solomon T. Caswell,* 13 How. 488, 495; *In re E. L. Goodsell Company,* T. D. 18078, G. A. 3880, affirmed, *United States* v. *E. L. Goodsell Co.,* 91 Fed. 519; *In re V. Scotto & Bro.,* T. D. 36033, G. A. 7835, and authorities therein cited.

The issue in the case at bar is not whether there was a compliance with the involved regulation but whether or not there was in fact a nonimportation of the merchandise as claimed by the importer. It had the burden of proof on that issue and as correctly held by the court below that burden was sustained.

In holding that compliance with the regulation here in issue, which involves a question of proof, is not a condition precedent to recovery, the court does not determine that in a proper case an administrative regulation may not have the force and effect of law and be binding on the parties under the same rule of law that applies to a mandatory regulation.

This court has held, for example, that a regulation fixing office hours for customs officials from 9:00 a. m. to 4:30 p. m., and promulgated by the Secretary of the Treasury under that provision of the statute which authorized him to make general regulations, was a reasonable departmental regulation and that the collector was not bound to keep his office open beyond the time prescribed by the regulation for the purpose of permitting merchandise to be withdrawn from warehouse or making an entry thereof. *Gallagher* v. *United States*, 1 Ct. Cust. 69, T. D. 31034, 19 Treas. Dec. 1121; *Talbot* v. *United States*, 1 Ct. Cust. Appls. 415, T. D. 31483, 20 Treas. Dec. 680.

The statute which grants the right of protest to all proper parties against a decision of the collector provides that they shall have 60 days after but not before liquidation within which to file a protest, and that upon the filing of such protest the collector shall within 90 days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties or exaction found to have been assessed or collected in excess of the amount due (secs. 514, 515, Tariff Act of 1930).

Despite those provisions of law, the court does not find it necessary to hold that the 30-day period prescribed in article 15.8 is an unreasonable or invalid requirement. By compliance therewith allowance may be obtained for merchandise not actually imported and thereby facilitate not only the work of customs officers but also may avoid the necessity of going to court.

In fact, the record herein discloses that appellee, having complied with the regulation as to other portions of the invoiced and entered merchandise, allowance in duties was made by the collector for the bottles reported as missing. However, there may be circumstances under which it is impossible or very difficult to comply with the requirements prescribed by the regulation here in issue. Therefore, a party is entitled under the law to a judicial review of the decision of the collector.

Appellant contends that the issue here involved is governed by the decision in the case of *United States* v. *Canada Dry Ginger Ale, Inc.*, 34 C. C. P. A. (Customs) 12, C. A. D. 337. In that case the validity or reasonableness of article 812 was not at issue. It was not questioned and therefore was considered as having the force and effect of law binding all parties. Had that issue been raised, the court might have reached a different conclusion. Here that issue is squarely before us for determination.

It is to be understood that the decision in this case is limited to the issue of nonimportation of merchandise, and appellee having sustained its burden of proof herein on that issue, the judgment of the United States Customs Court is accordingly *affirmed*.