BEFORE THE THIRD DIVISION, JANUARY 27, 1959

**No. 62709.**—R. U. Delapenha & Co., Inc. *v.* United States, protest 121359–K (Tampa).

Opinion by JOHNSON, J.  An examination of the collector's report, received in evidence at the trial, shows that no allowance was made for duty or internal revenue tax for certain shortage, nor was an allowance made for duty to cover breakage, for the reason that the importer failed to file an affidavit of short shipment.  Following *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351), *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D.1155), the claim of the plaintiff was sustained.

**No. 62710.**—Quality Importers, Inc. *v.* United States, protests 208027–K, etc. (New York).

Opinion by JOHNSON, J.  An examination of the collector's reports, received in evidence at the trial, shows that duty and internal revenue tax were assessed on certain missing merchandise.  Following *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

**No. 62711.**—Joseph Markovits, Inc. *v.* United States, protest 312168–K (New York).

Opinion by JOHNSON, J.  At the trial, it was stipulated that if the certificate of exportation had been filed prior to the liquidation of the entry or the expiration of the collector's review period provided for in section 515, the merchandise would have been liquidated free of duty under paragraph 1615, as amended, *supra.* In view of the stipulation and following Abstract 57104, the claim of the plaintiff was sustained.