FEBRUARY 24, 1959

No. 62791.—SUIT 4931.—C. J. Tower & Sons v. United States.—

—C.D. 1872 affirmed November 17, 1958.   C.A.D. 692.

BEFORE THE THIRD DIVISION, MARCH 2, 1959

No. 62792.—A. & P. Import Co. and Erlanger Textile Corp. v. United States, protests 315654–K and 315474–K (New York).

Opinion by JOHNSON, J.   It was stipulated that the issue herein is similar in all material respects to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351) and that three bales of bamboo blinds and blind material covered by protest 315654–K and two bales of staple fiber covered by protest 315474–K, reported by the inspector as manifested, not found, were not in fact received by the importer.   In accordance with stipulation of counsel and following the decision cited, it was held that duty is not assessable upon the bales of merchandise reported by the inspector as manifested, not found.   The protests were sustained to this extent.

No. 62793.—C. J. Van Houten & Zoon, Inc., and Bluefries N.Y., Inc. v. United States, protest 312827–K (New York).

DONLON, Judge:   This protest is before us on a stipulation of counsel in open court, as follows:

MR. SCHWARTZ:   In this case, if the court please, the merchandise consisted of chocolate milk bars and bittersweet chocolate bars.   These items were the subject of an appeal for reappraisement, the number of which was 237045–A, and that was decided by your Honor, Judge Donlon, on June 27, 1956, together with a number of other cases which were included in the same decision.

In that decision the court held that the correct or proper dutiable value of the two items here in question was as follows: For the milk bars 95.74 Netherland guilders per carton; for the bittersweet bars 90.48 Netherland guilders per carton.

In due course the entry was liquidated on October 17, 1956, and apparently by reason simply of inadvertence or clerical error the reappraised values were not used in liquidation of the entry.

Our protest is directed against the assessment of duties on a value higher than the final appraised value.

I would ask the Government to concede at this time that the facts which I have stated up to the present time are true and correct.

MRS. ZIFF:   We concede that.

JUDGE DONLON:   It is so stipulated?

MRS. ZIFF:   Yes, on the advice of the examiner concerned.

JUDGE DONLON:   The stipulation will be made of record.

MR. SCHWARTZ:   And I ask the Government to stipulate that the entry should be reliquidated on the basis of the reappraised values in accordance with the decision of Judge Donlon dated June 27, 1956.

Liquidation was on October 17, 1956, and protest was filed December 6, 1956. Thus, the issue is raised as to the legal effect of the liquidation.

On the facts stipulated, the protest is sustained.   Judgment will be entered for plaintiff.