Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the items of merchandise marked with the letter "A" were held dutiable as follows: (a) As to the items entered, or withdrawn from warehouse, for consumption prior to May 28, 1950, at 20 percent under paragraph 1547(a) ; and (b) as to items entered, or withdrawn from warehouse, for consumption on and after May 28, 1950, at 10 percent under said paragraph 1547(a), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476).

BEFORE THE SECOND DIVISION, NOVEMBER 12, 1959

**No. 63504.**—Montanore, Inc. *v.* United States, protest 58/22910 (Boston).

Opinion by LAWRENCE, J. The protest was dismissed.

**No. 63505.**—Rohner, Gehrig & Co., Inc. *v.* United States, protest 58/25286 (New York).

Opinion by LAWRENCE, J. The protest was dismissed.

BEFORE THE THIRD DIVISION, NOVEMBER 12, 1959

**No. 63506.**—"21" Brands, Inc. *v.* United States, protests 309422–K, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protests were sustained to this extent.

**No. 63507.**—Canada Dry Ginger Ale, Inc. *v.* United States, protests 330261–K, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protests were sustained to this extent.