UNITED STATES *v.* STEINBERG BROS. (No. 4985)[1]
STEINBERG BROS. *v.* UNITED STATES (No. 4986)

United States Court of Customs and Patent Appeals,
December 7, 1959

*George Cochran Doub*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel), for the United States.
*John D. Rode*, for Steinberg Bros.

[Oral argument October 7, 1959, by Mr. Welsh and Mr. Rode]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK[2]

SMITH, Judge, delivered the opinion of the court:

Cross-appeals were taken from the judgment of the United States Customs Court, Second Division, C.D. 2030, which sustained in part

---

[1] C.A.D. 727.
[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to the provisions of Title 28, United States Code, Section 294(d).

48

and overruled in part the protests filed by the importer. The Collector of Customs at the Port of New York classified the imported knit nylon fabric as "knit fabric, in the piece, * * * of * * * other synthetic textile" and assessed duty under paragraph 1309 of the Tariff Act of 1930, as modified by GATT, T.D. 51802, and by the Torquay Protocol, T.D. 52739.

■ The importer, Steinberg Bros., asserts as a primary claim that the merchandise should have been classified as a nonenumerated manufactured article under paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827. As an alternative claim, the importer asserts that because of the similitude of the knit nylon fabric to knit fabrics in the piece, wholly or in chief value of silk, the merchandise should have been classified by similitude under the provisions of paragraphs 1208 and 1559 of the Tariff Act of 1930 as modified by T.D. 52739 and T.D. 52827.

The Government's position is that the collector determined the proper classification of the goods and made a proper assessment of duty.

The Customs Court overruled the importer's primary claim for classification under paragraph 1558 and sustained its alternative claim for classification by similitude under paragraph 1208.

The Government appeals from the judgment below insofar as it sustained the protest. The importer appeals from the judgment below insofar as it failed to sustain its primary claim.

The competing provisions are:

*Assessed:* Paragraph 1309, Tariff Act of 1930, as modified by T.D. 51802 and T.D. 52739:

Knit fabric, in the piece, wholly or in chief value of rayon or other synthetic textile_____ 25 cents per lb. and 30% *ad val.*

*Principal Claim:* Paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827:

Articles manufactured, in whole or in part, not specially provided for * * *_____ 10% *ad val.*

*Alternative Claim:* Paragraph 1208 of the Tariff Act of 1930, modified by T.D. 52739:

Knit fabric, in the piece, wholly or in chief value of silk_____ 27½% *ad val.*

and

Paragraph 1559 of the Tariff Act of 1930, which provides:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *

Paragraph 1313 of the Tariff Act of 1930 as amended, contains the following definition of the terms "rayon" and "other synthetic textile," which is applicable to paragraph 1309:

Whenever used in this Act the terms *"rayon" and "other synthetic textile"* mean the product made by any artificial process from *cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing,* which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever. (Emphasis added.)

Paragraph 1313 was amended August 14, 1958, Public Law 85–645, par. 3(a), 72 Stat. 602. Both parties admit that paragraph 1313 as amended so changes the original definition that the merchandise here in issue would be classified under paragraph 1309 if imported now. Since the effective date of the 1958 amendment to paragraph 1313 is subsequent to the dates of importation of the merchandise here in issue, neither party relies upon amended paragraph 1313. However, the Government argues that paragraph 1313 as amended by Public Law 85–645, is but a clarification intended to give effect to the originally intended coverage of this paragraph as it appeared in the Tariff Act of 1930 and urges us to so construe it. We reject that position of the Government.

Paragraph 1313 prior to its 1958 amendment, required that "a synthetic textile" to be dutiable under paragraph 1309 must be "made by an artificial process from *cellulose, cellulose hydrate,* a compound of *cellulose* or a *mixture containing any of the foregoing.*" (Emphasis added.)

The parties have stipulated that the imported knit nylon fabric in question was not made from "cellulose, cellulose hydrate, or a compound of cellulose or a mixture containing any of the foregoing." We hold, therefore, that classification of the imported merchandise under paragraph 1309 is barred by the specific definition of paragraph 1313. On this issue, we affirm the decision of the court below that the imported knit nylon fabric is an article not enumerated in paragraph 1309.

Finding, as we do, that the imported merchandise is not a specifically enumerated article and directly classified in the Tariff Act of 1930 as modified, the next question to be considered is the application of the similitude provision of paragraph 1559. Upon initial consideration it would seem that this provision would support classification of the merchandise under paragraph 1309 as a material most resembling rayon. However, we agree with the position of the im-

porter and the Government that such a classification would be improper. ▆ No application of the similitude provision of the statute can put merchandise into a classification from which it is expressly excluded. *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630; *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376.

We now pass to the issue of similitude of the imported merchandise to "knit fabric * * * wholly or in chief value of silk" which arises under paragraph 1559 in conjunction with paragraph 1208.

▆ To find similitude under paragraph 1559, the nonenumerated merchandise must be similar to the enumerated article in either material, quality, texture or use. The court below, on the authority of *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T.D. 32351, 22 Treas. Dec. 490, held that it is not necessary to find the merchandise similar in all four categories. We agree with this holding.

The importer challenges the court's assessment of duty by similitude under paragraph 1208 on the basis of its showing that the imported knit nylon fabric differs in material respects from knit silk fabric. The record contains evidence of numerous tests and results which show that knit nylon fabric is difffferent from knit silk fabric as to material, quality and texture. For example, the evidence shows, *inter alia*, that nylon as compared to silk has superior bursting strength, better abrasion resistance, superior pleat retention properties, is more uniform, and is less flammable. In addition, the evidence establishes that "wash and wear" garments and "fit any size" hosiery and socks can be made from knit nylon whereas knit silk cannot be utilized in this manner. It also is clear from the record as a whole that the substantial differences in the qualities of the two materials would preclude commercial confusion and that one would not be shipped to fill an order for the other.

On the question of similitude of use, the record shows that knit silk fabrics were used, at the effective date of the Tariff Act of 1930, to manufacture hosiery, gloves, and lingerie such as underwear, blouses, brassieres, girdles, jabots, nightgowns, slips and petticoats. The record shows that knit nylon fabric is used today for the manufacture of the identical articles. The record also establishes that silk was first replaced as to these uses by rayon and that nylon replaced rayon. We agree with the Government's position that this sequence of replacement is not a material consideration in determining similitude of use.

▆ The fact that the physical differences between the fabrics suggest potential uses to which one may be put to the exclusion of the

other merely emphasizes the differences in material, quality·and texture which obviously exist. While admitting all of these differences the terms of paragraph 1559 are satisfied if the use to which the two articles are adapted is similar, although in other particulars there may be no similarity between them. *Murphy* v. *Arnson*, 96 U.S. 131; *United States* v. *Dana et al.*, 99 Fed. 433.

The record before us shows that knit nylon fabric is superior to knit silk fabric for many uses. This, however, does not justify the conclusion urged by the importer that this superiority makes the use of the materials so dissimilar as to preclude classifying knit nylon fabric with "knit fabric * * * wholly or in chief value of silk" under the similitude provision of the Act. *Seattle Marine & Fishing Supply Co., et al.* v. *United States*, 45 CCPA 93, C.A.D. 679.

The importer's position here that the similitude provision of paragraph 1559 requires identity of use, is contrary to the long established rule that such identity of use is not required. ▆ Substantial similarity of use is a sufficient basis for classification by similitude. *United States* v. *Eckstein*, 222 U.S. 130, 136; *Hartmann Trunk Co.* v. *United States*, 27 CCPA 254, 259, C.A.D. 95.

The cases cited by the importer in support of its position have been considered. All these cases are distinguishable either on the facts or by reason of the specific provisions of the Tariff Act there in issue. Thus, the present case is distinguishable from *Maher-App & Company* v. *United States*, supra. The language of paragraph 212 there in issue was found by this court to expressly exclude the imported artificial teeth which were shown to have the particular type of fracture which placed them outside the express language of paragraph 212.

Paragraph 1208 is general in terms and broad in its coverage and contains no express exclusion of nylon. The record establishes that knit fabrics of silk as covered by paragraph 1208 and the imported knit nylon fabric here in issue have been used for many of the same end uses. It is not material that the knit nylon fabric, because of its properties, may have some uses in addition to those for which knit silk fabrics are used. We find as a fact from the record before us, that the instances of similitude in the end uses of knit nylon and knit silk fabrics are substantial and that the materials, while physically different, are similar in use within the meaning of paragraph 1559.

The judgment appealed from is *affirmed*.