No. 65739.—E. Dillingham, Inc. *v.* United States, protests 214319–K, 273648–K, and 214320–K (Ogdensburg).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise is similar in use to thrown silk not more advanced than singles, tram, or organzine and following the principles set forth in *United States* v. *Steinberg Bros.* (47 C.C.P.A. 47, C.A.D. 727), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JUNE 1, 1961

No. 65740.—Stein Importing Company *v.* United States, protests 59/9683, etc. (Los Angeles).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the articles in question, identified as KPM or Nympfenburg, are of West German origin, the claims of the plaintiff were sustained.

No. 65741.—United China & Glass Co. *v.* United States, protest 272150–K/14622 (New Orleans).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of decorated earthenware cups and saucers, the claim of the plaintiff was sustained.

No. 65742.—Arizona Distributing Co. and H. S. Dorf & Co., Inc. *v.* United States, protest 59/10285 (Los Angeles).

Opinion by JOHNSON, J. At the trial, it was stipulated that no allowance was made on one case of twelve ⅘ quarts of Ballantine whisky, reported as manifested, not found. In accordance with stipulation of counsel and following *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351), it was held that duty and internal revenue tax are not assessable upon the quantities reported by the inspector as not landed.