**No. 66003.**—United Merchants & Mfgrs., Inc. *v.* United States, protests 59/6862 and 59/9085 (Norfolk).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic yarns similar in use to thrown silk not more advanced than singles, tram, or organzine and following the principles set forth in *United States* v. *Steinberg Bros.* (47 C.C.P.A. 47, C.A.D. 727), the claim of the plaintiff was sustained.

**No. 66004.**—J. J. Boll et al. *v.* United States, protests 59/20943, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise is similar in use to thrown silk not more advanced than singles, tram, or organzine and following the principles in *United States* v. *Steinberg Bros.* (47 C.C.P.A. 47, C.A.D. 727), the merchandise entered for consumption, or withdrawn from warehouse, prior to June 6, 1951, was held dutiable at 20 percent ad valorem under paragraph 1203 of the tariff act, by similitude, and the items entered for consumption, or withdrawn from warehouse, on and after June 6, 1951, were held dutiable at 10 percent under said paragraph 1203, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), by similitude.

BEFORE THE THIRD DIVISION, AUGUST 29, 1961

**No. 66005.**—Fisher, Bruce & Co. and J. J. Murphy & Co. *v.* United States, protest 60/14683 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of Rockingham earthenware similar in all material respects to that the subject of *Justin Tharaud & Son, Inc., et al.* v. *United States* (44 Cust. Ct. 216, C.D. 2177), the claim of the plaintiffs was sustained.