**No. 66007.**—Herbert A. H. Behrens, Inc., et al. *v.* United States, protests 60/17671, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the principles herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C.C.P.A. 112, C.A.D. 351) and that the cases of merchandise, reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited, it was held that duty is not assessable upon the cases of merchandise, which were reported by the inspector as manifested, not found. The protests were sustained to this extent.

**No. 66008.**—Georgia Peanut Co. and W. J. Byrnes & Co. of N. Y., Inc. *v.* United States, protest 301923–K(B) (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, AUGUST 30, 1961

**No. 66009.**—Gellman Brothers *v.* United States, protest 60/31166 (Minneapolis).

Opinion by FORD, J. At the trial, it was stipulated that the merchandise was liquidated on April 22, 1960, and reliquidated on October 19, 1960, more than 60 days after liquidation. The reliquidation was, therefore, void, and the claim of the plaintiff was sustained.