(C.D. 3173)

PACIFIC MOLASSES COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 24, 1967)

*Glad & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RICHARDSON AND LANDIS, Judges

RICHARDSON, Judge: This case was submitted to the court for decision upon a stipulation which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that:

1. The items marked "A" and initialed RLF (Commodity Specialist's Initials) by Commodity Specialist Richard L. Fugler (Commodity Specialist's Name) on the invoices covered by the above enumerated protest and assessed with duty at 0.113 cents per gallon plus 1.353 cents per gallon based on total sugar content of 59.0 per cent pursuant to the provision in Paragraph 502 of the Tariff Act of 1930, as modified by T.D. 54108, in fact was entered into the United States for consumption on or about February 21, 1958.

2. The merchandise involved in the above enumerated protest consists of Jamaican cane molasses unfit for human consumption, a product of Jamaica.

3. The merchandise in the above enumerated protest is claimed to be properly dutiable at the entered rate of .013 cents per pound under Paragraph 502 of the Tariff Act of 1930, as modified by T.D. 54108.

4. The merchandise involved in the above enumerated protest does not come within the definition of "Blackstrap Molasses" as provided in Section 13.4(d) of the Customs Regulations, in effect on the date of entry of the merchandise (T.D. 51871, T.D. 53336).

5. The merchandise involved in this protest was denied entry at the entered rates because of the failure of the plaintiff to comply with the provisions of Section 13.4(b), (c) of the Customs Regulations by furnishing to the Collector at the port of entry, within three years from the date of entry, certificates of use therein provided for. A certificate of use was filed with the Collector at the port of entry on November 30, 1964, concurrently with the filing of the instant protests, and the parties agree that the merchandise was not in fact commer-

cially used for the extraction of sugar or for human consumption, as those provisions are used and defined in the foregoing regulations, but was used in the production of livestock feed.

6. That the above enumerated protest is submitted on the foregoing stipulation of fact, the issue being similar in all material respects to the issue in *South West Sugar & Molasses Co. v. United States*, C.D. 2719, decided June 23, 1966, *Olavarria & Co., Inc. v. United States*, 4 Cust. Ct. 225, C.D. 327, and in *United States v. Browne Vintners Co., Inc.*, 34 C.C.P.A. 112, C.A.D. 351.

Accepting this stipulation as evidence of the facts and upon the authority of the cases cited therein, we hold that the claim in the protest herein as amended that the subject merchandise is properly dutiable under the provisions of paragraph 502 of the Tariff Act of 1930, as modified, at the rate of 0.013 cent per pound is sustained. As to all other claims and merchandise, the protest is overruled.

Judgment will be entered accordingly.